ORIGINAL

1  V James DeSimone, SBN 119668
   Michael D. Seplow, SBN 150183
2  Michael Morrison, SBN 205320
   SCHONBRUN DESIMONE SEPLOW
3  HARRIS & HOFFMAN, LLP
   723 Ocean Front Walk
4  Venice, CA 90291
   Telephone: (310) 396-0731
5  Facsimile: (310) 399-7040

6  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
7  J.D. HENDERSON, SBN 235767
   301 North Lake Avenue, Suite 800
8  Pasadena, California 91101
   Telephone: (626) 795-0205
9  Facsimile: (626) 795-3026

10  Attorneys for Plaintiffs

11

FILED

SEP 1 6 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12          UNITED STATES DISTRICT COURT
13         NORTHERN DISTRICT OF CALIFORNIA

14  DUANE WATERS, DEBRA TURNER,      )    **Case No: CV 09-3983 BZ**
15  and RUDY FAJARDO, on behalf of   )
16  themselves, all others similarly situated )   **CLASS ACTION**
    and the general public,          )    **FIRST AMENDED COMPLAINT**
                                     )    **FOR DAMAGES AND**
17                                   )    **INJUNCTIVE RELIEF**
18          Plaintiffs,              )
                                     )    **1. FAILURE TO PAY**
19      vs.                          )    **OVERTIME COMPENSATION**
20  AT&T SERVICES, INC. (formerly SBC )   **(CAL. LABOR CODE § 1194 and**
    Services, Inc.) and DOES 1 through 10; )  **THE F.L.S.A.)**
21                                   )
22          Defendants.              )    **2. FAILURE TO PROVIDE**
                                     )    **MEAL AND REST PERIODS**
23                                   )    **(CAL. LABOR CODE § 226.7)**
24                                   )
                                     )    **3. FAILURE TO PROVIDE**
25                                   )    **ACCURATE ITEMIZED**
26                                   )    **STATEMENTS (CAL. LABOR**
27                                   )    **CODE § 226)**
28                                   )

FAXED

1.

1

2                 )        **4. WAITING TIME PENALTIES**

3                 )        **(CAL. LABOR. CODE § 203)**

                 )

4                 )        **5. CONVERSION (CAL. CIVIL**

5                 )        **CODE § 3336, § 3294)**

                 )

6                 )        **6. UNFAIR BUSINESS**

7                 )        **PRACTICES (CALIFORNIA**

                 )        **BUSINESS AND**

8                 )        **PROFESSIONS CODE § 17200**

9                 )        **ET SEQ.)**

              ——————————————————)

10                                     **DEMAND FOR JURY TRIAL**

11

12            PLAINTIFFS DUANE WATERS, DEBRA TURNER and RUDY

13 FAJARDO ("PLAINTIFFS"), as individuals, and on behalf of themselves, all

14 others similarly situated, and the general public, complains and alleges on

15 information and belief the following against AT&T SERVICES, INC. (formerly

16 SBC Services, Inc.); and Does 1 through 10 (collectively "DEFENDANTS").

17

18                          **INTRODUCTION**

19      1.      This case arises out of DEFENDANTS' failure to pay overtime

20 compensation and failure to provide rest and meal periods to certain California

21 Information-Technology (IT) employees of Defendant AT&T Services, Inc.,

22 (formerly SBC Services, Inc.), and Does 1 through 10 (collectively referred to as

23 "DEFENDANTS"). These IT employees primarily performed non-exempt

24 functions for the DEFENDANTS and were not paid overtime compensation during

25 the Class Period, which is defined as four years prior to the date of the filing of this

26 complaint, through the date of trial.

27 //

28

1 **JURISDICTION AND VENUE**

2     2.     This Court has jurisdiction over Plaintiffs' claims pursuant to the

3 Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because (a)

4 one or more Defendants are not a citizen of this state, but do conduct business in

5 good standing within the State of California on a regular basis; (b) Plaintiffs are

6 citizens of California; (c) the proposed class members number at least 100; and (d)

7 the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

8

9     3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) in

10 that the unlawful actions challenged herein occurred in the Northern District.

11

12 **PARTIES**

13     4.     PLAINTIFFS DUANE WATERS, DEBRA TURNER and RUDY

14 FAJARDO ("PLAINTIFFS") at all relevant times were non- exempt employees of

15 DEFENDANTS. PLAINTIFFS' job duties consisted primarily of providing

16 computer support, trouble-shooting, and technical services to DEFENDANTS.

17 PLAINTIFFS performed all obligations as required during employment.

18

19     5.     PLAINTIFF DUANE WATERS is, and at all relevant times was, a

20 citizen of the State of California. PLAINTIFF was employed by DEFENDANTS,

21 in San Ramon, California, from approximately 1996 through approximately

22 February 2008 as a Senior Analyst (also known as a Sr. Analyst) .

23

24     6.     PLAINTIFF DEBRA TURNER is, and at all relevant times was, a

25 citizen of the State of California. PLAINTIFF was employed by DEFENDANTS,

26 in San Diego, California, as a Senior Analyst (also known as a Sr. Analyst or

27 Senior Analyst-IT Services) from approximately 2004 through May 2006.

28

3.

1    7.    PLAINTIFF RUDY FAJARDO, is, and at all relevant times was, a
2 citizen of the State of California. PLAINTIFF RUDY FAJARDO was employed
3 by DEFENDANTS, in San Diego County, California as Senior Database
4 Administrator (also know as Sr. Database Administrator) from approximately 1996
5 until approximately November 30, 2007.

6

7    8.    PLAINTIFFS are informed and believe and thereon allege that
8 PLAINTIFFS and all members of Plaintiffs' class were non-exempt employees of
9 Defendants, who performed substantially similar job duties, which consisted
10 primarily of providing computer support, trouble shooting and technical services
11 to DEFENDANTS Despite the fact that PLAINTIFFS and other class members
12 were non-exempt employees who performed similar job duties, namely computer
13 support, trouble shooting and technical services, DEFENDANTS provided
14 PLAINTIFFS and other similarly situated employees with various job titles in
15 order to make it appear that they were exempt from California's overtime laws so as
16 to avoid paying PLAINTIFFS and other class members wages due to non-exempt
17 employees under California law.

18

19    9.    DEFENDANTS AT&T SERVICES, INC. (formerly SBC Services,
20 Inc. PacBell, Cingular, Southwest Bell and/or Yellowpages.com); and Does 1
21 through 10, are all corporations or other business entities which are doing business
22 in California or formally did business in California. AT&T SERVICES, INC., is
23 the primary defendant in this action and, has its principal place of business in the
24 state of Texas, and is incorporated in the state of Delaware.

25

26    10.    At all times mentioned herein, DEFENDANTS, and each of them, were
27 the agents, representatives, employees, successors, assigns, parents, subsidiaries
28 and/or affiliates, each of the other, and at all times pertinent hereto were acting

4.

1  within the course and scope of their authority as such agents, representatives,
2  employees, successors, assigns, parents, subsidiaries and/or affiliates.

3

4                      **CLASS ACTION ALLEGATIONS**

5      11.    PLAINTIFFS bring this action on behalf of themselves and all others
6  similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and
7  23(b)(3), on behalf of the following class (herein referred to as the "PLAINTIFF
8  CLASS") The class that PLAINTIFFS seek to represent (herein referred to as
9  "PLAINTIFF CLASS") is composed of and defined as follows:

10      The class includes, without limitation, all misclassified employees of
11  DEFENDANTS who at any time within four years of the date of the filing of this
12  complaint performed similar job duties as PLAINTIFFS and held the following
13  job titles: Sr. Analyst, Senior Analyst, Senior IT Analyst, and Senior Analyst-IT
14  Services California as Senior Database Administrator, Sr. Database Administrator
15  (and other similar job titles) who did not receive overtime pay to which they were
16  entitled pursuant to the California Labor Code, the California Industrial Welfare
17  Commission's ("IWC") Wage Orders and all other applicable Employment Laws
18  and Regulations.

19

20      12.    The members of the class are so numerous that joinder of all members
21  would be unfeasible and not practicable. The membership of the entire class is
22  unknown to PLAINTIFFS at this time; however, it is estimated that the entire class
23  is greater than 100 individuals, but the identity of such membership is readily
24  ascertainable via inspection of the personnel records and other documents
25  maintained by DEFENDANTS.

26

27      13.    There are common questions of law and fact as to the class which
28  predominate over questions affecting only individual members including, without,

1 limitation:

2         A.    Whether DEFENDANTS denied the PLAINTIFF CLASS
3 overtime pay to which they were entitled pursuant to the California Labor Code,
4 the California Industrial Welfare Commission's ("IWC") Wage Orders, and all
5 other applicable Employment Laws and Regulations.

6         B.    Whether DEFENDANTS denied the PLAINTIFF CLASS meal
7 and rest breaks to which they were entitled by law and failed to compensate the
8 PLAINTIFF CLASS for missed meal and rest breaks;

9         C.    Whether DEFENDANTS failed to provide PLAINTIFFS and
10 members of the PLAINTIFF CLASS with accurate itemized statements;

11         D.    Whether DEFENDANTS engaged in unfair business practices;

12         E.    Whether DEFENDANTS acted with, malice, oppression and
13 fraud thereby justifying the award of punitive and exemplary damages.

14         F.    Whether DEFENDANTS misclassified some class members as
15 exempt employees and attempted to cover this up by engaging in a scheme to
16 provide them with changing and misleading job titles, even though class members
17 performed essentially similar job duties.

18         G.    The effect upon and the extent of damages suffered by the
19 PLAINTIFF CLASS and the appropriate amount of compensation.

20

21    14.    The claims of PLAINTIFFS pled as class action claims are typical of
22 the claims of all members of the class as they arise out of the same course of
23 conduct and are predicated on the same violation(s) of the law. PLAINTIFFS, as
24 representative parties, will fairly and adequately protect the interests of the class
25 by vigorously pursuing this suit through their attorneys who are skilled and
26 experienced in handling matters of this type.

27

28    15.    The nature of this action and the nature of the laws available to the

1 PLAINTIFF CLASS make use of the class action format a particularly efficient
2 and appropriate procedure to afford relief to the PLAINTIFF CLASS. Further,
3 this case involves a corporate employer and a large number of individual
4 employees possessing claims with common issues of law and fact. If each
5 employee were required to file an individual lawsuit, the corporate defendants
6 would necessarily gain an unconscionable advantage since it would be able to
7 exploit and overwhelm the limited resources of each individual plaintiff with its
8 vastly superior financial and legal resources. Requiring each class member to
9 pursue an individual remedy would also discourage the assertion of lawful claims
10 by employees who would be disinclined to pursue an action against their present
11 and/or former employer for an appreciable and justifiable fear of retaliation and
12 permanent damage to their careers at present and/or subsequent employment.
13 Proof of a common business practice or factual pattern, of which the named
14 plaintiff experienced, is representative of the class mentioned herein and will
15 establish the right of each of the members of the class to recovery on the claims
16 alleged herein.

17

18    16.    The prosecution of separate actions by the individual class members,
19 even if possible, would create: (a) a substantial risk of inconvenient or varying
20 verdicts or adjudications with respect to the individual class members against the
21 defendants herein; and/or (b) legal determinations with respect to individual class
22 members which would, as a practical matter, be dispositive of the other class
23 members not parties to the adjudications or which would substantially impair or
24 impede the ability of class members to protect their interests. Further, the claims
25 of the individual members of the class are not sufficiently large to warrant
26 vigorous individual prosecution considering all of the concomitant costs and
27 expenses attending thereto. PLAINTIFFS are also unaware of any difficulties that
28 are likely to be encountered in the management of this action that would preclude

1 | its maintenance as a class action.

2

3 | **FACTS COMMON TO ALL CAUSES OF ACTION**

4 | 17. PLAINTIFFS were non-exempt employees of DEFENDANTS.
5 | DEFENDANTS routinely required PLAINTIFFS to work more than eight (8)
6 | hours per day, twelve (12) hours per day and/or forty (40) hours per week.
7 | However, PLAINTIFFS did not receive overtime compensation for the hours she
8 | worked in excess of eight (8) hours per day, twelve (12) hours per day and/or forty
9 | (40) hours per week.

10

11 | 18. In addition, PLAINTIFFS were not provided with an uninterrupted,
12 | work-free 30-minute meal periods for shifts in excess of five (5) hours and were
13 | not compensated for missed meal periods. DEFENDANTS also failed to provide
14 | PLAINTIFFS with rest breaks for shifts in excess of four (4) hours throughout her
15 | employment with DEFENDANTS.

16

17 | 19. PLAINTIFF are informed and believe and thereon allege that the
18 | PLAINTIFF CLASS was subjected to the same unlawful practices as
19 | PLAINTIFFS. Like PLAINTIFFS, DEFENDANTS routinely required members
20 | of the PLAINTIFF CLASS to work more than eight (8) hours per day, twelve (12)
21 | hours per day, and/or forty (40) hours per week. However, members of the
22 | PLAINTIFF CLASS did not receive the overtime wages that they earned.
23 | PLAINTIFF is informed and believe and thereon allege that the failure of
24 | DEFENDANTS to pay PLAINTIFFS and the PLAINTIFF CLASS for overtime
25 | work was willful, purposeful, and unlawful and done in accordance with the
26 | policies and practices of DEFENDANTS' operations. In addition, DEFENDANTS
27 | failed to provide PLAINTIFFS and members of the PLAINTIFF CLASS with
28 | accurate itemized statements as required by Cal. Labor Code § 226.

8.

1    20.    PLAINTIFFS are further informed and believes and thereon allege
2  that members of the PLAINTIFF CLASS were also not provided with
3  uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5)
4  hours and were not compensated for missed meal periods. PLAINTIFFS are
5  informed and believe and thereon alleges that the failure of DEFENDANTS to
6  provide PLAINTIFFS and the PLAINTIFF CLASS with uninterrupted, work-free
7  30-minute meal periods for shifts in excess of five (5) hours was willful,
8  purposeful, and unlawful and done in accordance with the policies and practices of
9  DEFENDANTS' operations.

10

11    21.    In addition, PLAINTIFFS are informed and believe and thereon
12  allege that members of the PLAINTIFF CLASS were also not provided with rest
13  breaks for shifts in excess of four (4) hours. PLAINTIFFS are informed and
14  believe and thereon allege that the failure of DEFENDANTS to provide
15  PLAINTIFFS and the PLAINTIFF CLASS with rest breaks for shifts in excess of
16  four (4) hours was willful, purposeful, and unlawful and done in accordance with
17  the policies and practices of DEFENDANTS' operations.

18

19

20                    **FIRST CAUSE OF ACTION**

21    FAILURE TO PAY OVERTIME COMPENSATION (CALIFORNIA LABOR
22            CODE SECTION 1194 and SECTION 203 OF THE FAIR
23                    LABOR STANDARDS ACT)

24    By PLAINTIFFS in their individual capacities and in their capacities as a
25  representatives of all similarly situated members of the PLAINTIFF CLASS
26  against all DEFENDANTS.

27  //

28  //

                                9.

1    22.    PLAINTIFF realleges and incorporates, by reference, as though fully
2 set forth herein, the allegations contained in paragraphs 1 to 21.
3

4    23.    DEFENDANTS routinely required PLAINTIFF and members of the
5 PLAINTIFF CLASS to work more than eight (8) hours per day, twelve (12) hours
6 per day, and/or forty (40) hours per week.
7

8    24.    DEFENDANTS failed to fully compensate PLAINTIFF and members
9 of the PLAINTIFF CLASS for all overtime wages they earned.
10

11    25.    PLAINTIFFS are informed and believe, and thereon allege that the
12 failure of DEFENDANTS to fully compensate PLAINTIFFS and the PLAINTIFF
13 CLASS for overtime work was willful, purposeful, and unlawful and done in
14 accordance with the policies and practices of DEFENDANTS' operations.
15

16    26.    As a proximate cause of the aforementioned violations, PLAINTIFFS
17 and the PLAINTIFF CLASS have been damaged in an amount according to proof
18 at time of trial, but in an amount in excess of the jurisdiction of this Court.
19 PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid
20 balance of wages owed, penalties, including penalties available pursuant to
21 California Labor Code Section 558, plus interest, reasonable attorney fees and
22 costs of suit according to the mandate of California Labor Code, §1194, et. seq.
23 //
24 //
25 //
26 //
27 //
28
                                        10.

1  **SECOND CAUSE OF ACTION**

2  FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

3  (CALIFORNIA LABOR CODE SECTION 226.7 AND 512)

4  By PLAINTIFFS in their individual capacities and in their capacities as a

5  representatives of all similarly situated members of the PLAINTIFF CLASS

6  against all DEFENDANTS.

7

8  27.  PLAINTIFFS reallege and incorporate, by reference, as though fully

9  set forth herein, the allegations contained in paragraphs 1 to 26.

10

11  28.  DEFENDANTS failed to provide PLAINTIFFS and members of the

12  PLAINTIFF CLASS with uninterrupted, work-free 30-minute meal periods for

13  shifts in excess of five (5) hours worked and to compensate them for these missed

14  meal periods as required by law.

15

16  29.  DEFENDANTS, throughout PLAINTIFFS' employment with

17  DEFENDANTS, failed to give PLAINTIFFS breaks for shifts in excess of four (4)

18  hours as required by law and failed to compensate her for missed rest breaks.

19  DEFENDANTS also failed to give members of the PLAINTIFF CLASS breaks for

20  shifts in excess of four (4) hours as required by law and failed to compensate them

21  for missed rest breaks.

22

23  30.  PLAINTIFFS are informed and believe, and thereon allege that the

24  failure of DEFENDANTS to provide meal and rest breaks and to compensate

25  PLAINTIFFS and the PLAINTIFF CLASS for these missed meal and rest breaks

26  was willful, purposeful, and unlawful and done in accordance with the policies

27  and practices of DEFENDANTS' operations.

28

11.

1    31.    As a proximate cause of the aforementioned violations, PLAINTIFFS
2 and members of the PLAINTIFF CLASS have been damaged in an amount
3 according to proof at time of trial, but in an amount in excess of the jurisdiction of
4 this Court. PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the
5 unpaid balance of wages owed, penalties, including penalties available pursuant to
6 California Labor Code Sections 226, 226.7, 558, plus interest, reasonable attorney
7 fees and costs of suit according to the mandate of California Labor Code, § 1194,
8 et. seq.
9
10
11               **THIRD CAUSE OF ACTION**
12          FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
13                    (CAL. LABOR CODE § 226)
14    By PLAINTIFFS  in their individual capacities and in their capacities as a
15 representatives  of all similarly situated members of the PLAINTIFF CLASS
16 against all DEFENDANTS.
17
18    32.    PLAINTIFFS reallege and incorporate, by reference, as though fully
19 set forth herein, the allegations contained in paragraphs 1 to 31.
20
21    33.    DEFENDANTS failed to provide PLAINTIFFS and members of the
22 PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor
23 Code § 226.  In particular, DEFENDANTS knowingly and intentionally did not
24 state on PLAINTIFFS' and the PLAINTIFF CLASS' payroll records that they had
25 earned overtime for any hour they worked over eight (8) in a day.
26
27    34.    PLAINTIFFS are informed and believe and thereon allege that
28 DEFENDANTS knowingly and intentionally falsified the aforementioned payroll
                                    12.

1   records in order to conceal its unlawful payment practices   As a result,

2   PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover the

3   greater of all actual damages or fifty dollars ($50) for the initial pay period in

4   which a violation occurs and one hundred dollars ($100) per employee for each

5   violation in a subsequent pay period, not exceeding an aggregate penalty of four

6   thousand dollars ($4,000), and are entitled to an award of costs and reasonable

7   attorney fees.

8

9

10                        **FOURTH CAUSE OF ACTION**

11              (WAITING TIME PENALTIES PURSUANT TO CALIFORNIA

12                          LABOR CODE § 203)

13         By PLAINTIFFS  in their individual capacities and in their capacities as a

14   representatives  of all similarly situated members of the PLAINTIFF CLASS

15   against all DEFENDANTS.

16

17         35.    PLAINTIFFS reallege and incorporate, by reference, as though fully

18   set forth herein, the allegations contained in paragraphs 1 to 34.

19

20         36.    Pursuant to California Labor Code § 201, if an employer discharges

21   an employee, the wages earned and unpaid at the time of the discharge are due and

22   payable immediately.  Pursuant to California Labor Code § 202, if an employee

23   quits her employment, the wages earned and unpaid at the time of the discharge

24   are due and payable within 72 hours.

25

26         37.    PLAINTIFFS are  informed and believe and thereon allege that

27   members of the PLAINTIFF CLASS have resigned or were terminated from their

28   employment with DEFENDANTS and have not received the overtime

                                      13.

1 compensation and other wages they rightfully earned.

2

3      38.    DEFENDANTS, and each of them, willfully refused and continue to

4 refuse to pay members of the PLAINTIFF CLASS all wages earned, including

5 overtime and compensation for missed meal and rest breaks, in a timely manner, as

6 required by California Labor Code § 203. PLAINTIFFS therefore request

7 restitution and penalties as provided by California Labor Code § 203.

8

9

10                             **FIFTH CAUSE OF ACTION**

11 CONVERSION (CALIFORNIA CIVIL CODE SECTIONS 3336 AND 3294)

12      By PLAINTIFFS in their individual capacities and in their capacities as a

13 representatives of all similarly situated members of the PLAINTIFF CLASS

14 against all DEFENDANTS.

15

16      39.    PLAINTIFFS reallege and incorporate, by reference, as though fully

17 set forth herein, the allegations contained in paragraphs 1 to 38.

18

19      40.    As alleged above, DEFENDANTS wrongfully withheld earned wages

20 from PLAINTIFFS and members of the PLAINTIFF CLASS. In particular,

21 DEFENDANTS failed to pay PLAINTIFFS and members of the PLAINTIFF

22 CLASS all overtime wages they earned and failed to compensate them for missed

23 meal and rest breaks and other compensation owed to pursuant to the applicable

24 Employment Laws and Regulations.

25

26      41.    At all relevant times, DEFENDANTS had and continue to have a

27 legal obligation imposed by statute to pay PLAINTIFFS and members of the

28 PLAINTIFF CLASS all earned wages and other compensation due to them. Such

1 wages and compensation belonged to PLAINTIFFS and members of the
2 PLAINTIFF CLASS at the time the labor and services were provided to
3 DEFENDANTS, and accordingly, such wages and compensation are the property
4 of PLAINTIFFS and members of the PLAINTIFF CLASS, not DEFENDANTS.
5

6     42.    DEFENDANTS knowingly and intentionally failed to pay
7 PLAINTIFFS and members of the PLAINTIFF CLASS all overtime compensation
8 for overtime hours worked, knowingly and intentionally failed to compensate
9 PLAINTIFFS and members of the PLAINTIFF CLASS for missed meal and rest
10 breaks, and knowingly and intentionally failed to provide other compensation due
11 to PLAINTIFFS and members of the PLAINTIFF CLASS. Instead,
12 DEFENDANTS converted PLAINTIFFS' and members of the PLAINTIFF
13 CLASS' rightfully earned wages and converted them to DEFENDANTS' own use
14 and benefit.

15

16     43.    PLAINTIFFS and members of the PLAINTIFF CLASS have been
17 injured by DEFENDANTS' intentional conversion of such wages and
18 compensation. PLAINTIFFs and the PLAINTIFF CLASS are entitled to
19 immediate possession of all amounts converted by DEFENDANTS, with interest,
20 as well as any and all profits that DEFENDANTS acquired by their unlawful
21 conversion.

22

23     44.    DEFENDANTS' actions constituting conversion were oppressive,
24 malicious, and fraudulent, and were concealed by DEFENDANTS, and each of
25 them, from PLAINTIFFS and PLAINTIFF CLASS as hereinbefore alleged.
26 PLAINTIFF and members of the PLAINTIFF CLASS have been injured by
27 DEFENDANTS' oppressive, malicious, intentional and fraudulent actions,
28 entitling PLAINTIFFS and the PLAINTIFF CLASS to punitive and exemplary

1 damages.

2

3              **SIXTH CAUSE OF ACTION**

4        UNFAIR COMPETITION AND BUSINESS PRACTICES

5     (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.)

6        By PLAINTIFFS in their individual capacities and in their capacities as a

7 representatives of all similarly situated members of the PLAINTIFF CLASS

8 against all DEFENDANTS.

9

10    45.    PLAINTIFFS reallege and incorporate, by reference, as though fully

11 set forth herein, the allegations contained in paragraphs 1 to 43.

12

13    46.    DEFENDANTS' violations of the Employment Laws and

14 Regulations, as alleged herein, include: (1) DEFENDANTS' failure and refusal to

15 pay all overtime wages earned by PLAINTIFFS and the PLAINTIFF CLASS

16 pursuant to DEFENDANTS' illegal pay practices described above; (2)

17 DEFENDANTS' failure to provide meal and rest breaks to PLAINTIFFS and

18 members of the PLAINTIFF CLASS and to compensate them for missed meal and

19 rest breaks; (3) DEFENDANTS' willful and deliberate failure to provide accurate

20 itemized statements; (4) DEFENDANTS' failure to pay wages due to

21 PLAINTIFFS in a timely manner upon their termination or resignation; (5) and

22 DEFENDANTS' wrongful withholding and conversion of wages and

23 compensation due to PLAINTIFFS and the PLAINTIFF CLASS. The

24 aforementioned violations constitute unfair business practices in violation of the

25 Unfair Competition Law, California Business & Professions Code Section 17200,

26 et seq.

27

28    47.    As a result of DEFENDANTS' unfair business practices,

16.

1   DEFENDANTS have reaped unfair benefits and illegal profits at the expense of

2   PLAINTIFFS, the PLAINTIFF CLASS and members of the public.

3   DEFENDANTS should be made to disgorge their ill-gotten gains and restore such

4   monies to PLAINTIFFS and the PLAINTIFF CLASS.

5

6       48.     DEFENDANTS' unfair business practices entitle PLAINTIFFS and

7   the PLAINTIFF CLASS to seek preliminary and permanent injunctive relief,

8   including but not limited to, orders that the DEFENDANTS account for, disgorge

9   and restore to PLAINTIFFS and the PLAINTIFF CLASS the compensation

10  unlawfully withheld from, together with interest thereon, as well as costs, and

11  reasonable attorney fees pursuant to statute including Code of Civil Procedure

12  section 1021.5.

13

14                    **PRAYER FOR RELIEF**

15  **WHEREFORE,** PLAINTIFFS pray judgment as follows:

16  1.   That the Court determine that Causes of Action 1, 2, 3, 4 , 5 and 6

17       may be maintained as a class action;

18  2.   For injunctive relief to stop DEFENDANTS' illegal practices relating

19       to the payment of overtime wages as described above;

20  3.   For general and compensatory damages, according to proof;

21  4.   For restitution of all monies due to PLAINTIFFS and the PLAINTIFF

22       CLASS and disgorgement of profits from the unlawful business

23       practices of DEFENDANTS;

24  5.   For waiting time penalties pursuant to California Labor Code § 203;

25  6.   For penalties pursuant to California Labor Code § 226, 558, and all

26       other applicable Labor Code Sections, Industrial Wage Orders and/or

27       Employment Laws and Regulations;

28  7.   For interest accrued to date;

17.

1    8.   For costs of the suit incurred herein;

2    9.   For loss of earnings, according to proof;

3    10.  For punitive damages and exemplary damages, according to proof;

4    11.  For attorney fees and costs pursuant to California Labor Code § 226,

5         and 1194; Cal. Code Civ. Pro. § 1021.5 and;

6    12.  For such other and further relief that the Court may deem just and

7         proper.

8

9

10   DATED: September 16, 2009          SCHONBRUN DESIMONE SEPLOW
                                        HARRIS & HOFFMAN LLP
11
                                        LAW OFFICES OF THOMAS FALVEY
12

13

14                                      V. James DeSimone
                                        Michael D. Seplow
15                                      Michael Morrison
                                        Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28
                                        18.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS and members of the PLAINTIFF CLASS hereby demand a trial by jury on all issues so triable.

DATED: September 16, 2009           SCHONBRUN DESIMONE SEPLOW
                                    HARRIS & HOFFMAN LLP

                                    LAW OFFICES OF THOMAS FALVEY


                                    V. James DeSimone
                                    Michael D. Seplow
                                    Michael Morrison

                                    Attorneys for Plaintiffs

19.