1    J. AL LATHAM, JR. (State Bar # 71605) allatham@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
2    Twenty-Fifth Floor
    515 South Flower Street
3    Los Angeles, CA  90071
    Telephone: (213) 683-6000
4    Facsimile:  (213) 627-0705

5    THOMAS E. GEIDT (State Bar # 80955) tomgeidt@paulhastings.com
    RISHI N. SHARMA (State Bar # 239034) rishisharma@paulhastings.com
6    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    Twenty-Fourth Floor
7    55 Second Street
    San Francisco, CA  94105
8    Telephone: (415) 856-7000
    Facsimile:  (415) 856-7100

9

    Attorneys for Defendant
10   AT&T SERVICES, INC.

11                 UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14   DUANE WATERS, DEBRA TURNER, and RUDY FAJARDO, on behalf of themselves, all others similarly situated and the general public, | CASE NO. 3:09-CV-03983 BZ |
| 15 | **AT&T SERVICES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 16 | |
| 17            Plaintiffs, | |
| 18      vs. | |
| 19   AT&T SERVICES, INC., (formerly SBC Services, Inc.) and DOES 1 through 10, | |
| 20           Defendants. | |

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant AT&T Services, Inc., for itself alone and no other defendant, answers the First Amended Complaint for Damages and Injunctive Relief of Plaintiffs Duane Waters, Debra Turner, and Rudy Fajardo as follows:

1.      Answering Paragraph 1, Defendant admits that Plaintiffs purport to bring this action on behalf of a class they define as including certain California Information Technology (IT) employees of Defendant. Defendant denies that this action is suitable for certification as a class. Except as expressly admitted, Defendant denies the allegations in this paragraph.

2.      Answering Paragraph 2, Defendant admits and alleges that at all times material to this action, it has conducted business in good standing within the State of California. Defendant lacks knowledge or information as to the truth of the allegation that Plaintiffs "are citizens of California," and on that basis denies this allegation. Defendant admits that it has employed more than 100 individuals as Senior Analyst, Senior IT Analyst, and/or Senior Database Administrator in the State of California during the relevant time period. Defendant admits that the amount in controversy exceeds $5,000,000, exclusive of interests and costs, but denies that Plaintiffs or the purported class have been damaged in any amount. Except as so admitted or denied, the remaining allegations in this paragraph are legal conclusions that require no response.

3.      Answering Paragraph 3, Defendant admits that it conducts business in this judicial district. Defendant denies that any unlawful actions as alleged in Plaintiffs' Complaint took place in this or any judicial district. Except as so admitted or denied, the remaining allegations in this paragraph are legal conclusions that require no response.

4.      Answering Paragraph 4, Defendant admits that it employed Plaintiffs in computer-related positions during the relevant time period. Defendant lacks sufficient information or belief to admit or deny the allegation that Plaintiffs "performed all obligations as required during employment," and on that basis denies this allegation. Except as expressly admitted, Defendant denies the remaining allegations in this paragraph.

5.      Answering Paragraph 5, Defendant lacks knowledge or information as to the truth of the allegation that Plaintiff Duane Waters is "a citizen of the State of California," and on that basis denies this allegation. Defendant admits that it employed Plaintiff as a Senior Analyst or

1    Senior IT Analyst in San Ramon, California at certain relevant times up until February 2008.

2    Except as expressly admitted, Defendant denies the allegations in this paragraph.

3         6.       Answering Paragraph 6, Defendant lacks knowledge or information as to the truth

4    of the allegation that Plaintiff Debra Turner is "a citizen of the State of California," and on that

5    basis denies this allegation. Defendant admits that it employed Plaintiff as a Senior Analyst in

6    San Diego, California between 2004 and May 2006. Except as expressly admitted, Defendant

7    denies the allegations in this paragraph.

8         7.       Answering Paragraph 7, Defendant lacks knowledge or information as to the truth

9    of the allegation that Plaintiff Rudy Fajardo is "a citizen of the State of California," and on that

10   basis, denies this allegation. Defendant admits that it employed Plaintiff as a Senior Database

11   Administrator in San Diego, California at certain relevant times up until November 2007. Except

12   as expressly admitted, Defendant denies the allegations in this paragraph.

13        8.       Answering Paragraph 8, Defendant denies the allegations in this paragraph.

14        9.       Answering Paragraph 9, Defendant admits that it is a corporation doing business in

15   California, is incorporated in the State of Delaware, and has its principal place of business in the

16   State of Texas. Except as expressly admitted, Defendant denies the allegations in this paragraph.

17        10.      Answering Paragraph 10, the allegations in this paragraph are legal conclusions

18   that require no response. To the extent any response may be required, Defendant denies the

19   allegations in this paragraph.

20        11.      Answering Paragraph 11, Defendant admits that Plaintiffs purport to bring this

21   action on behalf of a class of allegedly similarly-situated persons pursuant to Federal Rule of

22   Civil Procedure 23. Defendant denies that any class exists, that this action is suitable for

23   certification as a class, or that any member of the purported class is entitled to overtime pay under

24   federal or California law. Defendant admits that Plaintiffs seek to represent a class as defined in

25   Paragraph 11. Except as expressly admitted, Defendant denies the allegations in this paragraph.

26        12.      Answering Paragraph 12, Defendant admits and alleges that during the relevant

27   time it has employed more than 100 individuals as Senior Analysts, Senior IT Analysts, and/or

28   Senior Database Administrators. Except as expressly admitted, the remaining allegations in this

- 2 -

1  paragraph are legal conclusions that require no response.  To the extent any response may be

2  required, Defendant denies the remaining allegations in this paragraph.

3      13.    Answering Paragraph 13, Defendant denies the allegations in this paragraph,

4  including all subparts.

5      14.    Answering Paragraph 14, Defendant denies the allegations in this paragraph.

6      15.    Answering Paragraph 15, Defendant denies the allegations in this paragraph.

7      16.    Answering Paragraph 16, Defendant denies the allegations in this paragraph.

8      17.    Answering Paragraph 17, Defendant admits and alleges that during the relevant

9  time period Plaintiffs were classified as exempt employees whose salaries were intended to

10  compensate them for all hours worked.  Except as expressly admitted, Defendant denies the

11  allegations in this paragraph.

12      18.    Answering Paragraph 18, Defendant admits and alleges that Plaintiffs, as exempt

13  employees, were not entitled to compensation for any alleged failure by Defendant to provide

14  meal periods or for any alleged failure to authorize and permit rest breaks.  Except as expressly

15  admitted, Defendant denies the allegations in this paragraph.

16      19.    Answering Paragraph 19, Defendant admits and alleges that at relevant times,

17  members of the purported class were classified as exempt employees whose salaries were

18  intended to compensate them for all hours worked.  Except as expressly admitted, Defendant

19  denies the allegations in this paragraph.

20      20.    Answering Paragraph 20, Defendant admits and alleges that during the relevant

21  time period, members of the purported class, to the extent they were classified as exempt

22  employees, were not entitled to compensation for any alleged failure by Defendant to provide

23  meal periods.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

24      21.    Answering Paragraph 21, Defendant admits and alleges that during the relevant

25  time period, members of the purported class, to the extent they were classified as exempt

26  employees, were not entitled to compensation for any alleged failure by Defendant to authorize

27  and permit rest breaks.  Except as expressly admitted, Defendant denies the allegations in this

28  paragraph.

- 3 -

CASE NO. 3:09-CV-03983 BZ                    ANSWER TO FIRST AMENDED COMPLAINT

1      22.     Answering Paragraph 22, Defendant realleges and incorporates by reference its

2   responses to Paragraphs 1 through 21.

3      23.     Answering Paragraph 23, Defendant denies the allegations in this paragraph.

4      24.     Answering Paragraph 24, Defendant denies the allegations in this paragraph.

5      25.     Answering Paragraph 25, Defendant denies the allegations in this paragraph.

6      26.     Answering Paragraph 26, Defendant denies the allegations in this paragraph.

7      27.     Answering Paragraph 27, Defendant realleges and incorporates by reference its

8   responses to Paragraphs 1 through 26.

9      28.     Answering Paragraph 28, Defendant admits and alleges that Plaintiffs and

10   members of the purported class, to the extent they were classified as exempt employees, were not

11   entitled to compensation for any alleged failure to provide meal periods.  Except as expressly

12   admitted, Defendant denies the allegations in this paragraph.

13      29.     Answering Paragraph 29, Defendant admits and alleges that Plaintiffs and

14   members of the purported class, to the extent they were classified as exempt employees, were not

15   entitled to compensation for any alleged failure to authorize and permit rest breaks.  Except as

16   expressly admitted, Defendant denies the allegations in this paragraph.

17      30.     Answering Paragraph 30, Defendant denies the allegations in this paragraph.

18      31.     Answering Paragraph 31, Defendant denies the allegations in this paragraph.

19      32.     Answering Paragraph 32, Defendant realleges and incorporates by reference its

20   responses to Paragraphs 1 through 31.

21      33.     Answering Paragraph 33, Defendant denies the allegations in this paragraph.

22      34.     Answering Paragraph 34, Defendant denies the allegations in this paragraph.

23      35.     Answering Paragraph 35, Defendant realleges and incorporates by reference its

24   responses to Paragraphs 1 through 34.

25      36.     Answering Paragraph 36, the allegations in this paragraph are legal conclusions

26   that require no response.

27      37.     Answering Paragraph 37, Defendant admits and alleges that some members of the

28   purported class resigned or were terminated from their employment with Defendant during the

- 4 -

1  relevant time period.  Except as expressly admitted, Defendant denies the allegations in this

2  paragraph.

3      38.      Answering Paragraph 38, Defendant admits and alleges that during the relevant

4  time period, members of the purported class, to the extent they were classified as exempt

5  employees, were paid on a salaried basis for all hours worked, including overtime, and were not

6  entitled to compensation for any alleged failure by Defendant to provide meal periods or any

7  alleged failure to authorize and permit rest breaks.  Except as expressly admitted, Defendant

8  denies the allegations in this paragraph.

9      39.      Answering Paragraph 39, Defendant realleges and incorporates by reference its

10  responses to Paragraphs 1 through 38.

11      40.      Answering Paragraph 40, Defendant denies the allegations in this paragraph.

12      41.      Answering Paragraph 41, the allegations in this paragraph are legal conclusions

13  that require no response.  To the extent any response may be required, Defendant denies the

14  allegations in this paragraph.

15      42.      Answering Paragraph 42, Defendant admits and alleges that during the relevant

16  time period, members of the purported class, to the extent they were classified as exempt

17  employees, were paid on a salaried basis for all hours worked, including overtime, and were not

18  entitled to compensation for any alleged failure by Defendant to provide meal periods or any

19  alleged failure to authorize and permit rest breaks.  Except as expressly admitted, Defendant

20  denies the allegations in this paragraph.

21      43.      Answering Paragraph 43, Defendant denies the allegations in this paragraph.

22      44.      Answering Paragraph 44, Defendant denies the allegations in this paragraph.

23      45.      Answering Paragraph 45, Defendant realleges and incorporates by reference its

24  responses to Paragraphs 1 through 44.

25      46.      Answering Paragraph 46, Defendant denies the allegations in this paragraph.

26      47.      Answering Paragraph 47, Defendant denies the allegations in this paragraph.

27      48.      Answering Paragraph 48, Defendant denies the allegations in this paragraph.

28

CASE NO. 3:09-CV-03983 BZ                                    ANSWER TO FIRST AMENDED COMPLAINT

49.     Responding to Plaintiffs' Prayer for Relief, Defendant denies that Plaintiffs or the members of the purported class have been damaged in any amount or are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

50.     The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

51.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs and the putative class members are, and at all material times have been, exempt from California's overtime pay and related requirements, and exempt from overtime under the Fair Labor Standards Act, under the administrative, computer professional, learned professional, executive, and/or other applicable exemptions.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

52.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs and/or the putative class members did not perform the job duties they were reasonably and realistically expected to perform. *See Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785 (1999).

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

53.     The Complaint, and each claim for relief contained therein, is barred to the extent that Plaintiffs and members of the purported class entered into an accord of the claims asserted in this lawsuit, which accord has been satisfied.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

54.     Plaintiffs are estopped from obtaining the relief sought in the Complaint.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

55.     The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

- 6 -

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

56.     The Complaint is barred, in whole or in part, by the doctrines of *res judicata* or collateral estoppel to the extent that Plaintiffs and/or putative class members have already litigated, settled and/or released the claims that are the subject of the Complaint.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

57.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 335.1, 338, 339 and 340; California Labor Code section 203; California Business and Professions Code section 17208; and 29 U.S.C. section 255.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

58.     Plaintiffs, by reason of their acts, conduct, and omissions, have waived their rights, if any, to obtain the relief sought in the Complaint.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

59.     Plaintiffs' claims are barred, at least in part, because some of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is *de minimis* as a matter of law.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

60.     Plaintiffs' purported cause of action for failure to provide meal and rest periods is barred, because Defendant provided meal periods as required by California law, and Plaintiffs and the putative class members freely waived any and all meal periods they did not take.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

61.     Plaintiffs' purported cause of action for failure to provide meal and rest periods is barred, because Defendant authorized and permitted rest periods in accordance with California law, and Plaintiffs and the putative class members freely waived any and all rest periods that they did not take.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

62.     Plaintiffs' purported cause of action for failure to furnish proper wage statements is barred, because Defendant did not knowingly and intentionally fail to furnish accurate itemized

- 7 -

1   wage statements, nor did Plaintiffs or the putative class members suffer any injury as a result of

2   Defendant's alleged failure to furnish accurate itemized wage statements.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

4   63.    Plaintiffs' purported claim for waiting time penalties is barred, because Defendant

5   did not willfully fail to pay all final wages due on termination, and at all relevant times there has

6   existed a good-faith factual and legal dispute as to the matters which are the subject of Plaintiffs'

7   Complaint.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

9   64.    Some or all of Plaintiffs' purported claims are subject to offset, set-off and/or

10  recoupment by virtue of payments that Defendant already has made to them and/or to members of

11  the putative class.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13  65.    Plaintiffs' purported cause of action for conversion is barred, because Plaintiffs

14  cannot state a claim for unpaid wages in tort, nor can they state a claim for liquidated sums of

15  money under the tort of conversion.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17  66.    Plaintiffs' purported cause of action for unfair competition is barred, because

18  Plaintiffs cannot show an injury to competition, as distinguished from injury to Plaintiffs, if any.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20  67.    Plaintiffs' purported cause of action for unfair competition is barred, because

21  California Business and Professions Code section 17200 *et seq.*, as stated and sought to be

22  applied by Plaintiffs, violates Defendant's rights under the federal Constitution and the California

23  Constitution in that, among other things, it is void for vagueness, violative of equal protection,

24  violative of due process, violative of freedom of contract, and poses an undue burden on interstate

25  commerce.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

27  68.    Plaintiffs' purported cause of action for unfair competition is barred, because

28  Plaintiffs are not seeking recovery of a quantifiable sum.

- 8 -

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims for penalties under the California Labor Code are barred, because there is a good-faith dispute as to Defendant's obligation to pay any wages that may be found to be due, and any award of penalties in the circumstances of this case would be unjust, arbitrary, oppressive, and/or confiscatory.

TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims for penalties under the California Labor Code are barred, because Plaintiffs have not properly exhausted their administrative remedies.

TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

71.     Plaintiffs lack standing to seek prospective injunctive relief.

TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims for injunctive or equitable relief are barred, because they have an adequate remedy at law.

TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

73.     The Complaint is barred, in whole or in part, because any recovery from Defendant would result in Plaintiffs' unjust enrichment.

TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

74.     Plaintiffs have failed to state facts sufficient to support a claim for punitive or exemplary damages.

TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

75.     Plaintiffs are barred from recovering punitive or exemplary damages, because the California Labor Code provides the exclusive remedies for violations of California's wage-and-hour laws.

TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

76.     Plaintiffs are barred from recovering punitive or exemplary damages, because any such award under California law generally or as applied in this case would violate Defendant's rights under the United States and California Constitutions, including, but not limited to, the due process clause, the excessive fines clause, and the cruel and unusual punishment clause.

- 9 -

1

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

2      77.      Plaintiffs and the putative class members have failed to mitigate or reasonably

3  attempt to mitigate their damages, if any, as required by law.

4

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

5      78.      Plaintiffs cannot satisfy the prerequisites for class certification and, therefore, lack

6  standing to represent the interests of the purported class.

7

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

8      79.      Plaintiffs' interests are in conflict with the interests of some or all members of the

9  proposed class, and the interests of certain members of the proposed class are in conflict with the

10  interests of other members of the proposed class.

11

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

12      80.      Because liability or damages, if any, to each member of the proposed class may

13  not be determined by a single jury or on a class-wide basis, allowing this action to proceed as a

14  class or collective action would, in the circumstances of this particular case, violate Defendant's

15  rights under the Seventh and Fourteenth Amendments to the United States Constitution.

16

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

17      81.      Plaintiffs and the putative class are not entitled to recover the monetary penalties

18  prayed for in the Complaint, because combining the class action procedure with California's laws

19  regarding the alleged conduct in this action would result in excessive penalties that are wholly

20  unreasonable and unrelated to any actual harm suffered by Plaintiffs and the putative class, in

21  violation of Defendant's constitutional rights under provisions of the United States and California

22  Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth

23  Amendments to the United States Constitution and Article I Section 7 of the California

24  Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth

25  Amendment to the United States Constitution and Article I Section 17 of the California

26  Constitution.

27

28

- 10 -

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That class certification be denied;

3    2.    That Plaintiffs take nothing by reason of their Complaint, that the Complaint be

4    dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

5    3.    That Defendant be awarded its reasonable costs and attorneys' fees; and

6    4.    That Defendant be awarded such other and further relief as the Court deems just

7    and proper.

8    DATED: October 28, 2009          J. AL LATHAM, JR.
                                      THOMAS E. GEIDT
9                                     RISHI N. SHARMA
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
10

11                                    By:_____

                                            THOMAS E. GEIDT
12                                          Attorneys for Defendant
                                            AT&T SERVICES, INC.
13

14   LEGAL_US_W # 62916385.2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -