V. James DeSimone, SBN 119668
Michael D. Seplow, SBN 150183
Michael Morrison, SBN 205320
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN, LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: (310) 396-0731
Facsimile: (310) 399-7040

LAW OFFICES OF THOMAS W. FALVEY
THOMAS W. FALVEY, SBN 65744
J.D. HENDERSON, SBN 235767
301 North Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 795-0205

Attorneys for Plaintiffs

Counsel for Defendant listed on next page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE WATERS, DEBRA TURNER, and RUDY FAJARDO, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T SERVICES, INC., (formerly SBC Services, Inc.) and DOES 1 through 10,<br><br>Defendants. | Case No: CV 09-3983 BZ<br><br>Hon. Bernard Zimmerman<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC:      December 14, 2009<br>Time:      4:00 p.m.<br>Courtroom: G, 15th Floor |

| | |
|---|---|
| 1 | J. Al Latham, Jr. (State Bar # allatham@paulhastings.com |
| 2 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | Twenty-Fifth Floor |
| 3 | 515 South Flower Street |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 683-6000 |
| 5 | Facsimile: (213) 627-0705 |
| 6 | |
| 7 | Thomas E. Geidt (State Bar # 80955) tomgeidt@paulhastings.com |
| | Rishi N. Sharma (State Bar# 239034) rishisharma@paulhastings.com |
| 8 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | Twenty-Fourth Floor |
| 9 | 55 Second Street |
| 10 | San Francisco, CA 94105 |
| | Telephone: (415) 856-7000 |
| 11 | Facsimile: (415) 856-7100 |
| 12 | |
| | Attorneys for Defendant AT&T SERVICES, INC. |
| 13 | |

Pursuant to Civil Local Rule 16-9, the parties hereby submit the following Joint Case Management Statement:

## 1. Jurisdiction and Service

This Court has jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332. Venue in this District is pursuant to 28 U.S.C. § 1391 (b). All named parties have been served and have appeared.

## 2. Facts

Plaintiffs Duane Waters and Debra Turner were employed by Defendant AT&T Services as Senior Analysts (also known as Sr. Analysts or Sr. IT Analysts). Plaintiff Rudy Fajardo was employed by Defendant AT&T Services as a Senior Database Administrator (also known as a Sr. Database Administrator). Defendant classified Plaintiffs and other similarly situated employees as exempt and did not pay them overtime compensation. Plaintiffs contend that they were mis-classified as exempt when in fact they were non-exempt employees under California law and were therefore entitled to overtime pay for the hours they worked in excess of eight (8) hours per day and/or forty (40) hours per week. Plaintiffs contend that they were routinely required to work more than eight (8) hours per day and/or forty (40) hours per week but did not receive overtime compensation for the hours they worked in excess of eight (8) hours per day and/or forty (40) hours per week.

Plaintiffs also contend that they were not provided with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours and were not compensated for missed meal periods and that Defendant also failed to provide Plaintiffs with rest breaks for shifts in excess of four (4) hours throughout their employment.

Plaintiffs contend that they and all other similarly situated current and former employees with the same or similar job titles , who performed substantially similar

job duties, which consisted primarily of providing computer support, trouble shooting and technical services, are non-exempt employees and are entitled to overtime pay, penalties and interest.

Defendant disputes and denies all of Plaintiff's claims. Defendant contends that Plaintiffs and the putative class members have been properly classified as exempt from overtime under the administrative and/or computer professional exemptions. Defendant further contends that it provided Plaintiffs and the putative class members with meal periods, and it authorized and permitted them to take rest breaks, despite their exempt status. Additionally, Defendant contends that, because it properly classified Plaintiffs and the putative class members as exempt, Plaintiffs' derivative state-law claims alleging entitlement to meal and rest break premiums, pay stub penalties, waiting time penalties, and restitution for unfair business practices, automatically fail as a matter of law.

## 3. Legal issues

Plaintiffs contend that the following are the main disputed points of law:

A.   Whether Plaintiffs and members of the proposed Plaintiffs class are non-exempt employees entitled to overtime pursuant to California law. See Cal. Labor Code Labor Code §§ 510 and 1194. The requirements for exemptions to California overtime laws are set forth in Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 (henceforth, "Wage Order 4"); California Code of Regulations ("CCR"), Title 8 §11040.

B.   Whether Plaintiffs and members of the Plaintiff Class were denied meal and rest breaks to which they were entitled by law. See Cal. Labor Code §§226.7, 512, and Sections 11-12 of Wage Order 4

C.   Whether Defendant failed to provide Plaintiffs and members of the Plaintiff Class with accurate itemized statements. See Cal. Labor Code § 226.

## 4. Motions

There are no pending motions.

Plaintiffs intend to file a motion for class certification. Plaintiffs and Defendant may also file a motion for summary judgment or partial summary judgment.

## 5. Amendment of Pleadings

At this point Plaintiffs do not intend to amend the pleadings but reserve the right to do so pending further discovery and investigation. Plaintiffs propose a deadline of October 15, 2010 to file any motions to amend the pleadings.

## 6. Evidence Preservation

The parties represent that they have taken reasonable steps to preserve relevant evidence. In particular, Defendant has taken the necessary measures to ensure that all relevant electronic records pertaining to Plaintiffs and the putative class members are being preserved, as well as all relevant non-electronic records.

## 7. Disclosures

The parties are attempting to reach an agreement on informal discovery prior to mediation in lieu of formal discovery and Rule 26 disclosures. If the parties are unable to reach an agreement, the parties will meet and confer on a date for formal Rule 26 disclosures.

## 8. Discovery

The parties anticipate conducting discovery relating to both class certification issues and liability. Plaintiffs intend to conduct written discovery on a range of issues, including, without limitation, Defendant's classification of employees, job duties of potential class members, the identity of potential class members, and the

amount of wages which may be owed to potential class members, including hours worked by potential class members. Plaintiffs intend to conduct electronic discovery of Defendant's payroll database, including data from Defendant's electronic time keeping systems, to obtain information regarding how potential class members were paid, the hours worked, and the amount they were paid, including whether they were paid overtime. Plaintiff also anticipate conducting depositions, including one or more deposition pursuant to FRCP 30(b)(6).

Plaintiffs contend that the issues of liability and class certification are inter-related and that discovery should not be conducted in phases and therefore Plaintiffs disagree with Defendant's contention.

Defendant intends to take the depositions of the three named Plaintiffs and to serve written discovery on the named Plaintiffs, and then determine what additional discovery may be necessary.

Defendant contends that discovery should be conducted in phases, and that class-wide merits discovery should be conducted only if and when a class is certified.

The parties reserve the right to seek leave, either by Court order or stipulation, to conduct more than 10 depositions if necessary. Otherwise, the parties do not believe that any modifications of the discovery rules are required.

**9. Class Actions**

Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), on behalf of the following class:

> California employees of Defendant who at any time within four years of the date of the filing of this complaint performed similar job duties as Plaintiffs, including, but not limited to, those holding the following

job titles: Sr. Analyst, Senior Analyst, Senior IT Analyst, Senior Analyst-IT Services and Senior Database Administrator (and other similar job titles) who did not receive overtime pay pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders and all other applicable Employment Laws and Regulations.

Plaintiffs propose a deadline of December 1, 2010 to file their motion for class certification.

Defendant contends that this case is not suitable for class treatment because, among other reasons, individual issues predominate.

## 10. Related cases

The parties are unaware of any related cases involving the same parties or job titles.

## 11. Relief

Plaintiffs seek monetary relief in the form of damages, restitution, penalties interest and attorneys fees. The amount of monetary relief is based on the amount of wages and penalties owed to the potential class members for a four year period prior to the filing of this action. At this time the monetary amount is unknown as the both the size of the class and the amount of overtime hours is presently not known to Plaintiffs. Plaintiffs also seek injunctive relief.

## 12. Settlement and ADR

The parties have requested an ADR phone conference pursuant to ADR Rule 3-5 which has been scheduled for December 10, 2009. The Parties have

agreed in principle to private mediation and are in the process of working out the details.

### 13. Consent to Magistrate Judge for All Purposes

All parties have consented to having the Magistrate Judge assigned to this case conduct all further proceedings, including trial and entry of judgment.

### 14. Other references

The parties do not believe that this case is suitable to reference for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this time, Plaintiffs do not have any proposals for narrowing the issues.

### 16. Expedited Schedule

The parties do not believe that this case is appropriate for an expedited schedule.

### 17. Scheduling

Plaintiffs propose the following dates:

Discovery cut off for all discovery:  April 29, 2011

Deadline to hear dispositive motions:  June 20, 2011

Pre-trial conference:  July 25, 2011

Trial:  August 16, 2011

Defendant generally agrees with the dates proposed by Plaintiffs, but proposes that Defendant be given 90 days to complete pre-certification discovery following the filing of Plaintiffs' motion for class certification. Defendant also

proposes that the parties have at least six months to complete all remaining pre-trial discovery after class certification, if any.

Plaintiffs will meet and confer on a mutually agreeable briefing schedule for the class certification motion but contend that 90 days for discovery to be conducted after the motion is filed and before it is heard is unwarranted unless there is an affirmative showing of good cause by Defendant.

## 18. Trial

This case will be tried by a jury. Plaintiffs estimate that the trial will last approximately 15-20 court days. Defendant estimates that the trial will last 3-5 court days if limited to Plaintiffs' claims and 35-40 court days if tried as a class action.

## 19. Disclosure of Non-Party Interested Entities or Persons

All parties have filed the "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16.

Other than the named parties and the persons or entities listed in Defendant's certification, counsel for Plaintiffs are unaware of any other persons or entities with an interest in this matter.

Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially be affected by the outcome of this proceeding: AT&T Services, Inc., is jointly owned by AT&T Inc., Ameritech Services, Inc. and AT&T Teleholdings, Inc.

**20. Other matters**

There are no additional matters to add to this Joint Statement.

DATED: December 7, 2009　　SCHONBRUN DESIMONE SEPLOW
　　　　　　　　　　　　　　　HARRIS & HOFFMAN LLP

　　　　　　　　　　　　　　　LAW OFFICES OF THOMAS FALVEY

　　　　　　　　　　　　　　　_/s/_____
　　　　　　　　　　　　　　　Michael Morrison
　　　　　　　　　　　　　　　V. James DeSimone
　　　　　　　　　　　　　　　Michael D. Seplow

　　　　　　　　　　　　　　　Attorneys for Plaintiffs

DATED: December 7, 2009

PAUL, HASTINGS, JANOFSKY & WALKER LLP

*/s/*

J. Al Latham
Thomas E. Geidt
Rishi N. Sharma
Attorneys for Defendant AT&T Services, Inc.

LEGAL_US_W # 63353514.2