```
 1  V James DeSimone, SBN 119668
    Michael D. Seplow, SBN 150183
 2  Michael Morrison, SBN 205320
    SCHONBRUN DESIMONE SEPLOW
 3  HARRIS & HOFFMAN, LLP
    723 Ocean Front Walk
 4  Venice, CA 90291
    Telephone: (310) 396-0731
 5  Facsimile: (310) 399-7040

 6  LAW OFFICES OF THOMAS W. FALVEY
    THOMAS W. FALVEY, SBN 65744
 7  J.D. HENDERSON, SBN 235767
    301 North Lake Avenue, Suite 800
 8  Pasadena, California 91101
    Telephone: (626) 795-0205
 9
    Attorneys for Plaintiffs
10
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE WATERS, DEBRA TURNER and RUDY FAJARDO, on behalf of themselves, all others similarly situated and the general public,<br><br>            Plaintiffs,<br><br>     vs.<br><br>AT&T SERVICES, INC. (formerly SBC Services, Inc.) and DOES 1 through 10;<br><br>            Defendants. | Case No: CV 09-3983 BZ<br><br>**DECLARATION OF MICHAEL D. SEPLOW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CERTIFICATION OF THE CLASS**<br><br>Date: August 4, 2010<br>Time: 10:00 a.m.<br>Courtroom G |

### DECLARATION OF MICHAEL D. SEPLOW

I, Michael D. Seplow, declare as follows:

1.      I am an attorney-at-law and a partner with the firm Schonbrun DeSimone Seplow Harris & Hoffman LLP ("SDSHH"). I am duly admitted to

practice before this Honorable Court and am one of the attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts set forth herein, (except where indicated upon information and belief) and if called as a witness, could and would testify competently thereto. I am making this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of the Class.

2. Plaintiffs Duane Waters and Debra Turner, formerly employed as Sr. Analysts (also known as Sr. IT Analysts), filed this class action complaint on August 27, 2009 in the United States District Court for the Northern District of California alleging violations of both California law and the Fair Labor Standards Act ("FLSA"). On September 16, 2009, Plaintiffs filed a First Amended Complaint which added Rudy Fajardo, a former Sr. Database Administrator, as a named plaintiff. Defendant filed its Answer to the First Amended Complaint on October 28, 2009.

3. After participating in the early meeting of counsel, the parties agreed to stay formal discovery and participate in a private mediation, similar to the approach that was taken in the *Doyle* and *Shoff* cases.[1] Thereafter, the parties agreed to participate in informal discovery in which it was agreed that surveys were to be sent to each and every one of the 667 putative class members (which included 606 Sr. Analysts and 61 Sr. Database Administrators). Defendant also produced data and documents regarding job titles, claimed overtime hours, work weeks and termination dates and payroll data for each class member. Class

---

1. *Doyle v. AT&T Services, Inc.* and *Shoff v. AT&T Services Inc.* were, like here, class actions on behalf of allegedly mis-classified Information Technology ("IT") employees which were litigated by Plaintiffs' counsel and which resulted in court approved class settlements.

Counsel developed detailed questionnaires ("surveys") that were sent to the Class Members. Plaintiffs' counsel received survey responses from approximately 130 Sr. Analysts and approximately 30 surveys from Sr. Database Administrators, including extensive written comments by class members. Additionally, Plaintiffs' counsel called each class member who provided a survey response and conducted interviews with scores of class members. Based on these surveys and interviews, Plaintiffs' counsel compiled a detailed database of information concerning the job duties and work hours of the class members.

4. Plaintiffs' Counsel investigated further by reviewing and analyzing Defendant's documents, including job descriptions from the job titles at issue in this case. Plaintiffs' Counsel also analyzed extensive spreadsheets and other data provided by Defendant, including badge swipe data from each of Defendant's California facilities, security event logs from each of Defendant's California facilities, and extensive payroll and employee data as to each and every class member. There was an enormous amount of data which took a great deal of time and effort to analyze and understand.

5. Plaintiffs' Counsel also retained the services of an expert forensic accountant and worked closely with him to analyze the data provided by Defendant, as well as the information contained in over 150 survey responses. The forensic accountant produced a detailed analysis of his findings which was utilized extensively in preparation for the mediation.

6. Prior to the mediation session, Plaintiffs' Counsel prepared a 38 page mediation brief, which contained extensive and detailed analyses of liability, class certification and damages issues. Plaintiffs' Counsel contends that their analysis

supported Plaintiffs' allegations that Defendant's designation of exempt status for the Senior Analysts and Senior Database Administrators was in error, and that employees were denied meal and rest periods. Plaintiff counsel contend that their position at mediation was supported by their statistical expert's analysis of Defendant's documents and putative class member questionnaire responses.

7. Defendant denied and continues to deny any liability or wrongdoing of any kind and further contends that Defendant has complied with the California Labor Code, the California Business and Professions Code, the applicable Industrial Welfare Commission Wage Orders, and similar federal laws, including but not limited to the federal Fair Labor Standards Act. Defendant contends that case law supports its position that the employees at issue are exempt and also that the case would not be certified for a class action due to the predominance of individualized issues.

8. On May 12, 2010, the Counsel for all parties participated in an all day mediation at the San Francisco offices of well-respected class action mediator, Mark Rudy. At the conclusion of the mediation, the parties were at an impasse. Thereafter, Mr. Rudy proposed a mediator's compromise to resolve this case and gave each side one week to consider the proposal. On May 19, 2010, the mediator informed both sides that his proposal had been accepted. Thereafter, counsel for the parties worked on drafting an initial memorandum agreement and a more detailed proposed Settlement Agreement, subject to the Court's approval.

9. As part of the Settlement Agreement, Defendant has provided to Plaintiffs' counsel a declaration under oath which sets forth the number of compensable work weeks covering the period from August 27, 2005 to May 19,

2010, and explains the process by which the number of compensable work weeks was determined. The declaration also estimates the number of additional compensable work weeks through July 26, 2010. According to this declaration, there will be approximately 93,086 compensable work weeks as of July 26, 2010.

10. I was admitted to the California Bar in 1990. I graduated Magna Cum Laude from Duke University in 1985, with an A.B. degree, where my major was in Public Policy Studies. I received my J.D. degree from UCLA School of Law in 1990, where I ranked in the top 15 percent of my class. During Law School, I served as an extern for the Honorable Abner J. Mikva on the United States Court of Appeals for the District of Columbia Circuit. My firm and I, including my partners and co-counsel in this action, V. James DeSimone and Michael Morrison, have extensive experience litigating civil rights and employment matters, including class action cases. Along with our co-counsel Thomas Falvey and J.D. Henderson, our firm was class counsel in two prior class action cases on behalf of IT workers at AT&T Services, which involved different job classifications: *Doyle v. AT&T Services, Inc*, Southern District Case No. 08-CV-1275 JAH (Wmc) and *Shoff v. AT&T Services, Inc.* (Central District Case No. CV-073289 DSF (AGRx). In October 2008, *Shoff*, which involved approximately 800 class members, settled for $16 million. In March 2010, *Doyle,* which involved approximately 641 class members, settled for $10.5 million. The *Waters* case involves approximately 671 class members and has a proposed settlement of $17 million. The Courts in both the *Doyle* and *Shoff* cases approved settlements with attorneys fees based on 30% of the settlement. In addition, based on information that is publicly available, I am aware that in a similar class action case involving overtime claims of AT&T Services IT employees, *Huang v AT&T Services, Inc.*, Case No. 06-CV-2238 (DMS) (Wmc) (Southern District of

California), in which plaintiffs were represented by another law firm, the Court approved a settlement of $11.5 million, and a 30% attorneys fee award.

11. As set forth above, both my firm and my co-counsel have extensive experience litigating employment cases, including class actions. My firm has actively commenced, prosecuted and concluded numerous class actions and other complex cases, including constitutional class actions. Our firm was one of the lead counsel on the groundbreaking case, *Doe, et al. v. Unocal Corp., et al.* (United States District Court, Central District of California, Case No. CV 96-6959-RSWL) in which Unocal was sued for human rights abuses committed during the construction of an oil pipeline in Myanmar. I have been active in the case of *Maynas Carijano v Occidental Petroleum*, Central District of California Case No. 07-5068 PSG, in which my firm is one of several counsel representing residents of a remote area of Peru who are suing for environmental contamination to their native land. My co-counsel V. James DeSimone has been named by the *Daily Journal* as one of the Top Ten Plaintiff Employment Attorneys in the State of California in 2009 and 2010. Both Mr. DeSimone and I have also been listed as "Super Lawyer" by Los Angeles Magazine for the past several years. Our firm also obtained final approval by the courts for settlements in the amount of $5,000,000 in *Lita v. Bunim-Murray*, Case No. BC 350590 and $1,500,000 in *Fontana v. St. Joseph Hospital of Orange*, Case No. 03CC02559, two employment class action cases. Mr. Morrison and Mr. DeSimone were also members of the steering committee for the Plaintiff's side in the coordinated action *The Clergy Cases (Clergy I)*, Case No. JCCP 4286, which settled for over $660 million dollars. Mr. Morrison of SDSHH was also a lead counsel in a class action case that settled for over $5,000,000 (*Morrison, et al. v. Six Flags Theme Park, Inc., et al.*, Case No. BC 253314). Further, Mr. Falvey's firm has litigated

several multi-million dollar wage and hour class action lawsuits including *Dat Chau v. CVS Pharmacy, Inc.* (formerly *Tong v. CVS Pharmacy, Inc.*), LASC Case no. BC349224 ($19,750,000 approved settlement); and *Elkin v. Six Flags, Inc.*, LASC Case no. BC342633 ($14,225,000 approved settlement.). Based on our experience and knowledge in employment and class action litigation, including the knowledge we developed during the *Shoff* and *Doyle* cases, we believe that the proposed settlement of $17,000,000 for 671 class members in this case (in which it is estimated that class members will receive approximately $126.00 per compensable work week during the relevant class period) is eminently fair and reasonable and provides a substantial benefit to the class, especially in light of the disputed nature of the claims and the proposed defenses to liability and class certification proffered by Defendant.

12. As set forth in the attached Joint Stipulation and Settlement Agreement, Plaintiffs will be seeking attorneys fees of 30% of the total settlement amount, which is not opposed by Defendant. This fee request is consistent with the awards in the *Doyle, Shoff* and *Huang* cases, is well within the range of fee awards in class actions of this type, and is fair and reasonable in light of the tremendous benefits that Plaintiffs counsel's work will provide to the members of the class. Further, Plaintiffs counsel will also be seeking reimbursement for approximately $25,000 in costs incurred in prosecuting this matter. Additionally, as set forth in the attached Joint Stipulation and Settlement Agreement, Plaintiffs are seeking service awards in the amount of $25,000 to each of the three proposed class representatives for their time and effort in this matter in providing benefits to the class, which is less than the amount approved in the *Shoff* case and the same as that in the *Doyle* case. Moreover, as set forth in the Joint Stipulation and Settlement Agreement, the parties have agreed that CPT Group Inc. will be

appointed as the Claims Administrator. It is estimated that the cost of claims administration will be approximately $25,000.

13. Attached hereto as Exhibit 1 is a true and correct copy of the Joint Stipulation and Settlement Agreement between Plaintiffs and Defendant. This Joint Stipulation and Settlement Agreement has been agreed to by the parties and their counsel. Counsel will submit a signed version of the Joint Stipulation and Settlement Agreement to the Court prior to the hearing date.

14. Attached hereto as Exhibit 2 is a true and correct copy of the proposed Notice to Class Members regarding the terms of the Settlement.

15. Attached hereto as Exhibit 3 is a true and correct copy of the proposed Claim form.

16. Attached hereto as Exhibit 4 is a true and correct copy of the proposed Exclusion form.

I declare under penalty of perjury that under the laws of the State of California that the foregoing is true and correct.

Executed this 15th Day of July, 2010 in Venice, California.

*[signature]*

Michael D. Seplow