# EXHIBIT 1

1  *(Counsel of Record listed on next page)*

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  DUANE WATERS, DEBRA TURNER, and          CASE NO. 3:09-CV-03983 BZ
    RUDY FAJARDO, on behalf of themselves,
12  all others similarly situated and the general   **JOINT STIPULATION OF CLASS**
    public,                                     **SETTLEMENT AND RELEASE**
13                                            **BETWEEN PLAINTIFFS AND**
                   Plaintiffs,                **DEFENDANT**
14
          vs.
15
    AT&T SERVICES, INC., (formerly SBC
16  Services, Inc.) and DOES 1 through 10,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    V. JAMES DESIMONE (SBN 119668)
     MICHAEL D. SEPLOW (SBN 150183)
2    MICHAEL MORRISON (SBN 205320)
     SCHONBRUN, DESIMONE, SEPLOW,
3       HARRIS & HOFFMAN, LLP
     723 Ocean Front Walk, Suite 100
4    Venice, CA  90291
     Telephone:  (310) 396-0731
5    Facsimile:  (310) 399-7040
     Email: vjdesimone@gmail.com
6           mseplow@aol.com
            mmorrison@sdshh.com
7

8    THOMAS W. FALVEY (SBN 65744)
     J.D. HENDERSON (SBN 235767)
     LAW OFFICES OF THOMAS W. FALVEY
9    301 North Lake Avenue, Suite 800
     Pasadena, CA  91101
10   Telephone:  (626) 795-0205
     Facsimile:  (616) 795-3096
11   Email:  thomaswfalvey@gmail.com
           hendersonj2004@gmail.com
12

13   Attorneys for Plaintiffs, DUANE WATERS,
     DEBRA TURNER, and RUDY FAJARDO,
     on behalf of themselves, all others similarly
14   situated and the general public

15

16   J. AL LATHAM, JR. (SBN 71605)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
     515 South Flower Street, Suite 2500
17   Los Angeles, CA  90071
     Telephone: (213) 683-6000
18   Facsimile:  (213) 627-0705
     Email:  allatham@paulhastings.com
19

20   THOMAS E. GEIDT (SBN 80955)
     RISHI N. SHARMA (SBN 239034)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
21   55 Second Street, Suite 2400
     San Francisco, CA  94105
22   Telephone: (415) 856-7000
     Facsimile:  (415) 856-7100
23   Email:  tomgeidt@paulhastings.com
          rishisharma@paulhastings.com
24

25   Attorneys for Defendant,
     AT&T SERVICES, INC.

26

27

28

---

JOINT STIPULATION OF CLASS SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS & DEFENDANT

1         Plaintiffs Duane Waters, Debra Turner, and Rudy Fajardo, individually and on

2   behalf of all others similarly situated, and defendant AT&T Services, Inc. ("Defendant" or

3   "AT&T"), by and through their respective counsel of record, agree to resolve the above-captioned

4   case through this Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant

5   ("Settlement").

6   <div align="center">**I.**</div>

7   <div align="center">**DEFINITIONS**</div>

8         The terms below have the following meanings:

9

10         1.    "Action" means the civil action entitled *Duane Waters, Debra Turner, and*

11   *Rudy Fajardo, on behalf of themselves, all others similarly situated and the general public vs.*

12   *AT&T Services, Inc. (formerly SBC Services, Inc.) and Does 1 through 10,* filed in the United

13   States District Court, Northern District of California, Case No. 3:09-CV-03983 BZ.

14         2.    "AT&T" or "Defendant" shall mean Defendant AT&T Services, Inc.

15         3.    "Class Representatives" or "Plaintiffs" shall mean Plaintiffs Duane Waters,

16   Debra Turner, and Rudy Fajardo.

17         4.    "Court" refers to the United States District Court for the Northern District

18   of California.

19         5.    "Class Counsel" shall mean V. James DeSimone, Michael D. Seplow, and

20   Michael Morrison of SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP, and

21   Thomas W. Falvey and J.D. Henderson of the LAW OFFICES OF THOMAS W. FALVEY.

22         6.    "Parties" shall mean the Plaintiffs/Class Representatives and Defendant.

23         7.    "Class" or "Class Members" include the following persons:

24             All persons who work or worked for AT&T Services, Inc. in
the State of California as Senior Analysts (or Senior IT Analysts or

25   Senior QC Test Analysts) or Senior Database Administrators, while
classified by the Defendant as exempt from overtime pay

26   requirements, at any time from August 27, 2005 through the date of
preliminary approval of the Settlement.

27

28

8.    "Compensable Workweeks" shall mean all workweeks during which Class Members received pay for work performed (e.g., were not on leave of absence) while employed by AT&T Services, Inc. in California in the job titles of Senior Analyst (or Senior IT Analyst or Senior QC Test Analyst) or Senior Database Administrator while classified as exempt from overtime pay requirements, at any time from August 27, 2005 through the date of preliminary approval of the Settlement.

9.    "Notice" shall mean the Notice of Pendency of Class Action Settlement attached as Exhibit "A" hereto, which, following Court approval, will be mailed by the Claims Administrator to each Class Member explaining the terms of the Settlement and the claims process.

10.    "Claim Form" shall mean Exhibit "B" attached hereto, which, following Court approval, each Class Member must submit to the Claims Administrator to recover a portion of the Settlement proceeds.

11.    "Exclusion Form" refers to Exhibit "C" attached hereto, which, following Court approval, Class Members must submit to the Claims Administrator to exclude themselves from this Settlement.

12.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to finally approve and implement the terms of this Settlement.

13.    "Maximum Payment" shall mean the gross sum of Seventeen Million Dollars ($17,000,000) payable by Defendant pursuant to this Settlement.

14.    "Claims Administrator" shall mean CPT Group, Inc., or an administrator mutually agreed to by the Parties and approved by the Court, that will perform the duties of: (i) using the data provided by Defendant to prepare the Claim Forms with the number of Compensable Workweeks for each Class Member; (ii) mailing the Notice, Claim Forms and Exclusion Forms to Class Members; (iii) tracking returned Claim and Exclusion Forms; (iv) sending out cure letters, sending out reminder notices, and making follow-up phone calls to Class Members as necessary; (v) notifying the Parties of timely and untimely claims; (vi) calculating the amounts due to each Class Member pursuant to the Settlement; (vii) notifying the Parties of

-2-

1    and resolving any disputes regarding claims by the Class Members as set forth in Paragraph 36

2    below; (viii) providing settlement payments, along with IRS Forms W-2 and 1099, to the Class

3    Members who submit timely and valid claims and to the taxing authorities; and (ix) performing

4    such other duties as are described herein.

5            15.    "Settlement Effective Date" shall mean the first day following the last of

6    the following occurrences:

7                    (a)     The date or the time to appeal or seek permission to appeal or seek

8    other judicial review of the entry of Judgment approving the Settlement has expired, with no

9    appeal or other judicial review having been taken or sought; or

10                   (b)     If an appeal or other judicial review has been taken or sought, the

11   date the final Judgment is finally affirmed by an appellate court with no possibility of subsequent

12   appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review

13   therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review.

## II.

## RECITALS

16           16.    On August 27, 2009, Plaintiffs Duane Waters and Debra Turner

17   commenced a putative class action against  AT&T Services, Inc. in the United States District

18   Court, Northern District of California, Case No. 3:09-CV-03983 BZ ("the Action").  On

19   September 16, 2009, Plaintiffs filed a First Amended Complaint ("Complaint"), adding another

20   named plaintiff, Rudy Fajardo.   Plaintiffs allege that they and the members of the putative class

21   were misclassified as exempt from federal and state overtime laws and not paid compensation for

22   overtime hours they worked, including interest and penalties.  Plaintiffs further allege that

23   Defendant failed to provide meal periods, failed to authorize and permit rest periods, failed to

24   provide proper itemized earnings statements, and failed to pay all wages due at time of

25   termination, as required by California law.  The Complaint further alleges that Defendant's pay

26   practices constituted the tort of conversion under California common law and also constituted

27   unfair business practices under California Business & Professions Code § 17200.

28

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT

1    17.    On October 28, 2009, Defendant filed its answer to the Complaint,

2  disputing and denying Plaintiffs' material allegations, maintaining that the Court should not

3  certify the class proposed by Plaintiffs, and raising various affirmative defenses.

4    18.    Class Counsel has conducted an in-depth investigation regarding the

5  suitability of the named Plaintiffs' claims for class treatment, the adequacy of the named

6  Plaintiffs to represent the proposed Class, other class certification requirements, and the merits of

7  the liability issues.  Class Counsel's investigation consisted of:  (1) sending out a survey to each

8  Class Member asking them to provide pertinent information about the number of hours they

9  worked in a week, including any and all overtime hours; whether they took meal or rest breaks;

10  the duties they performed; and the job titles they have held; (2) interviewing witnesses; (3)

11  working with a forensic accountant to review and analyze the surveys completed by class

12  members and other payroll information provided by Defendant, which specified rates of pay,

13  earnings, and workweeks for each Class Member; and (4) reviewing and analyzing documents

14  provided by Defendant, including job descriptions, employee records, and payroll data.

15    19.    On May 12, 2010, the parties participated in a full-day mediation before a

16  well-respected class action mediator, Mark Rudy, who proposed the Maximum Payment as part

17  of a mediator's proposal.  On May 19, 2010, after good-faith, arm's-length negotiations, the

18  parties reached an agreement to settle the Action pursuant to the terms and conditions set forth

19  below.  Based on their own independent investigation and evaluation, Class Counsel believe that

20  the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in

21  light of all known facts and circumstances, including the risk of significant delay and the defenses

22  asserted by Defendant.  Defendant agrees that the Settlement is fair, reasonable, and adequate.

23  <div align="center">**III.**</div>

24  <div align="center">**TERMS OF SETTLEMENT**</div>

25    20.    <u>Maximum Payment</u>:

26    (a)    The Maximum Payment under the Settlement, if all Class Members

27  file valid and timely claims, is Seventeen Million Dollars ($17,000,000), from which payments

28  will be made as follows, subject to Court approval:  (1) up to $5,100,000 in attorneys' fees to

<div align="center">-4-</div>

---

<div align="center">SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT</div>

Class Counsel, plus reasonable litigation costs (estimated to be $25,000); (2) up to $25,000 in service payments to each of the Class Representatives, Duane Waters, Debra Turner, and Rudy Fajardo; (3) the reasonable costs of the Claims Administrator to administer the Settlement, currently estimated to be $25,000; (4) $35,000 to the State of California Labor and Workforce Development Agency ("LWDA"); and (5) the "Remainder" of up to $11,740,000 to pay the timely and valid claims of the Class Members. This Settlement does not establish a fund from which claims will be paid.

        (b)     The Remainder of the Maximum Payment available to pay the timely and valid claims of the Class Members, pursuant to the formula described below, will result in a complete distribution of that portion, assuming that all Class Members participate in the distribution. If fewer than all Class Members participate in the distribution, the total amount paid by Defendant will be less than the Maximum Payment. In no event shall Defendant be responsible for paying more than the Maximum Payment of Seventeen Million Dollars, plus the employer's portion of payroll taxes.

        21.    <u>Attorneys' Fees:</u>  Plaintiffs request, and Defendant does not oppose, an award of attorneys' fees of thirty percent (30%) of the Maximum Payment (or $5,100,000) to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining dismissal of the Action. The Parties agree that a reduction by the Court in the attorneys' fees awarded to Class Counsel is not a basis for rendering the entire Settlement voidable or unenforceable.

        22.    <u>Costs:</u>  Plaintiffs request, and Defendant does not oppose, payment to Class Counsel of their reasonable litigation costs, in an amount estimated to be $25,000, from the Maximum Payment for costs and expenses incurred by Class Counsel in prosecuting the Action and implementing the terms of the Settlement. The Parties agree that a reduction by the Court in the litigation costs awarded to Class Counsel is not a basis for rendering the entire Settlement

1    voidable or unenforceable.  Defendant will issue Class Counsel an IRS Form 1099 for their

2    attorneys' fees and costs.

3              23.      Service payments to Class Representatives:  Subject to Court approval and

4    the execution of a general release in favor of Defendant (as described more fully below),

5    Defendant agrees to pay to each of the Class Representatives, Duane Waters, Debra Turner, and

6    Rudy Fajardo, a service payment in the amount of $25,000, to be taken from the Maximum

7    Payment, as an enhancement for their service as Class Representatives, in addition to any

8    payment they may otherwise receive as Class Members.  Defendant will not oppose Plaintiffs'

9    request for service payments in this amount.  The Parties agree that a reduction by the Court in

10   the Class Representatives' requested service payments is not a basis for rendering the entire

11   Settlement voidable or unenforceable.  Defendant will issue an IRS Form 1099 for these Class

12   Representative service payments.  Duane Waters, Debra Turner, and Rudy Fajardo will each be

13   responsible for correctly characterizing this compensation for tax purposes and for paying any

14   taxes owing on said amount.

15             24.      Payment to Labor Workforce and Development Agency:  Defendant agrees

16   to pay Thirty-Five Thousand Dollars ($35,000) from the Maximum Payment to the LWDA

17   pursuant to the Labor Code Private Attorneys General Act (the "PAG Act"), Cal. Lab. Code

18   § 2699 *et seq.*, to cover any and all claims for civil penalties that were or could have been brought

19   in this Action.

20             25.      Distribution to Class Members:

21                      (a)      Submission of Claim Forms.  Defendant agrees to pay only those

22   Class Members who submit timely and valid Claim Forms.  To be timely, the Claim Forms must

23   be submitted by the deadline indicated on the Notice and Claim Forms.  To be valid, Claim Forms

24   must be completed in full, signed under penalty of perjury, and returned to the Claims

25   Administrator by the deadline.

26                      (b)      Calculation of Remainder.  After deductions of $5,100,000 for

27   attorneys' fees, approximately $25,000 in litigation costs, $75,000 for the service payments to the

28   Class Representatives, an estimated $25,000 to pay for the services of the Claims Administrator,

-6-

1   and the $35,000 payment to the LWDA (assuming Court approval of these amounts), the

2   remainder of the Maximum Payment shall be approximately $11,740,000 (the "Remainder").

3           (c)    <u>Compensable Workweeks.</u>  Compensable Workweeks will be all

4   weeks (or portions of weeks) worked by Class Members:  (1) while employed by AT&T Services,

5   Inc. in California in the job titles of Senior Analyst (or Senior IT Analyst or Senior QC Test

6   Analyst) or Senior Database Administrator, while classified as exempt from overtime pay

7   requirements, at any time from August 27, 2005 to the date of preliminary approval of the

8   Settlement.  Defendant currently estimates that there are 90,915 Compensable Workweeks from

9   August 27, 2005 through May 19, 2010.  In accordance with the Parties' Memorandum of

10  Agreement, Defendant has furnished Class Counsel with a declaration verifying the number of

11  Compensable Workweeks through May 19, 2010, explaining the process by which the number of

12  Compensable Workweeks was determined, and estimating the number of additional Compensable

13  Workweeks through July 26, 2010.

14          (d)    <u>Distribution Formula</u>.  The Class Members' distribution amounts,

15  prior to any tax or payroll deductions, will be calculated by:  (1) dividing the Remainder of the

16  Maximum Payment by the total number of Compensable Workweeks, revealing the value per

17  Compensable Workweek; and (2) multiplying that amount by the number of Compensable

18  Workweeks worked by each Class Member who submits a timely and valid claim ("Participating

19  Class Members").

20          (e)    <u>Tax Allocation</u>:  The Parties agree that 50% of all payments to

21  Participating Class Members will be treated as subject to W-2 reporting.  Therefore, normal

22  payroll taxes and withholdings will be deducted pursuant to state and federal law, and all required

23  payroll contributions will be made on these amounts.  Defendant will pay its employer portion of

24  payroll taxes and withholdings (FICA and FUTA) on these amounts, and the employer payments

25  of FICA and FUTA will not be deducted from the payments made to the Participating Class

26  Members.  The other 50% of the payments made to the Participating Class Members represents

27  interest and penalties sought in this Action, and Participating Class Members will be issued an

28  IRS Form 1099 for that portion of their payments.  Defendant will not make any payroll or tax

1    withholdings on this portion of the settlement payments. The Participating Class Members will

2    be responsible for correctly characterizing this compensation for tax purposes and paying any

3    taxes owing on said amounts.

4            (f)    Settlement Payment Due Date: Within twenty (20) calendar days

5    after the Settlement Effective Date, the Claims Administrator shall mail the settlement payments

6    to the Participating Class Members, the enhancement payments to the Class Representatives, and

7    the payment of $35,000 to the LWDA. At that time, the Claims Administrator also shall make

8    the payment for Class Counsel's approved attorneys' fees and costs.

9    **IV.**

10   **CLAIMS ADMINISTRATOR**

11       26.    CPT Group, Inc. ("CPT") will serve as the Claims Administrator for this

12   Settlement, subject to the Court's approval, unless the Parties mutually agree on the appointment

13   of a different Claims Administrator. CPT has estimated that all necessary settlement

14   administration duties will not exceed $25,000. All settlement administration costs shall be taken

15   from the Maximum Payment.

16       27.    Among its other duties as described elsewhere herein, the Claims

17   Administrator shall provide counsel for all parties with a weekly report showing the number of

18   claims received, including any opt-outs and objections. The weekly report shall also provide

19   counsel with the approximate cost to date for the claims administration. Twenty-one (21) days

20   prior to the deadline to submit the Claim Forms, the Claims Administrator shall send a reminder

21   notice to all Class Members who have not yet submitted Claim Forms. Within fifteen (15) days

22   prior to the deadline to submit Claim Forms, the Claims Administrator will attempt to contact by

23   telephone any Class Members who still have not submitted Claim Forms by that date.

24   **V.**

25   **MOTION FOR PRELIMINARY APPROVAL**

26       28.    Promptly upon the execution of this Settlement, the Parties shall file a joint

27   motion for preliminary approval of the Settlement. Specifically, the Parties will apply to the

28   Court for the entry of an Order:

-8-

(a)     Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved as fair, reasonable and adequate as to the Class;

(b)     Approving as to form and content the proposed Notice to the Class;

(c)     Approving as to form and content the proposed Claim Form and instructions for Class Members;

(d)     Approving as to form and content the proposed Exclusion Form;

(e)     Directing the mailing of the Notice, the Claim Form and the Exclusion Form by first-class mail to the Class Members;

(f)     Preliminarily approving the Settlement;

(g)     Preliminarily certifying the Class for purposes of Settlement only; and

(h)     Approving V. James DeSimone, Michael D. Seplow, Michael Morrison, SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP, Thomas W. Falvey, J.D. Henderson,  and the LAW OFFICES OF THOMAS W. FALVEY as Class Counsel; Duane Waters, Debra Turner, and Rudy Fajardo as Class Representatives; and CPT as the Claims Administrator.

## VI.

## <u>NOTICE TO THE CLASS</u>

29.     Within twenty (20) calendar days following the Court's entry of its Order Granting Preliminary Approval of the Settlement, to the extent practicable, Defendant will provide to the Claims Administrator the names, last known addresses, last known telephone numbers, and Social Security numbers of the Class Members, along with data indicating the number of Compensable Workweeks for each Class Member.  This data shall be based on Defendant's payroll and other business records and shall be provided in a format acceptable to the Claims Administrator.  Defendant will consult with the Claims Administrator prior to the production date to ensure that the format of the database will be acceptable to the Claims Administrator.  The Claims Administrator will not share the identity of individual Class Members with the Class Representatives or Class Counsel, except as provided otherwise herein.

-9-

30.     Within twenty (20) calendar days after receipt of the Class Member information from Defendant, to the extent practicable, the Claims Administrator will mail to all Class Members, by regular first-class U.S. mail, the Notice, the Claim Form and instructions, the Exclusion Form, and a pre-addressed, postage-paid envelope ("the Notice Packet"). The Notice to the Class shall be in the same form as Exhibit "A" attached hereto, subject to the Court's approval. The Claim Form and Exclusion Form will be in the same form as Exhibits "B" and "C," respectively, again subject to the Court's approval.

31.     The Claims Administrator will perform a National Change of Address (NCOA) search at the outset.   The Claims Administrator will use all standard skip tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice Packets are sent to all Class Members. With respect to returned Notice Packets, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

## VII.

## CLAIM PROCESS

32.     Class Members will have sixty (60) calendar days from the mailing of the Notice Packet to submit their Claim Form, except for deceased Class Members. Claim Forms may be submitted to the Claims Administrator via U.S. mail, fax, and/or email. The Claims Administrator will provide written notification to each clamant of receipt of his or her Claim Form. No Claim Forms or Exclusion Forms will be honored if submitted after the deadline to submit claims. In the case of mailed Claim Forms, the postmark date will be deemed the date of submission.

33.     If a Class Member is deceased, the 60-day deadline shall be extended by thirty (30) days for the successor or estate to submit a claim on behalf of the deceased Class Member.

34.     By submitting a Claim Form, a Class Member will be giving his or her consent to "opt in" as a party plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA").

-10-

35.     If a Class Member submits a timely Claim Form that is rejected by the Claims Administrator as deficient in some material respect (for example, the Class Member failed to sign it), the Claims Administrator will notify the claimant in writing of the basis for the deficiency and give the claimant a reasonable opportunity to cure the deficiency, including a follow-up telephone call, if necessary.  The Claims Administrator will also provide the claimant with Class Counsel's contact information in case the claimant wishes to seek Class Counsel's assistance.  Class Members shall have 15 days from notification of the deficiency to cure the deficiency, or until the end of the 60-day claims period, whichever comes later.

## VIII.

## RESOLUTION OF CLAIM DISPUTES

36.     If a Class Member submits a timely Claim Form but disputes the number of Compensable Workweeks listed on the Claim Form, *and* the Class Member provides a written statement or other documentation supporting his or her claim to a greater number of workweeks than the number listed on the Claim Form, the Claims Administrator will first notify Defendant's counsel of the disputed claim.  Defendant will review its records and provide information to the Claims Administrator in response to the disputed claim.  If after receiving this information the Claims Administrator intends to reject the claim for additional workweeks, it will notify the claimant in writing of the rejection and the reason for it, offer the claimant an opportunity to provide additional information in support of the claim within 15 days or by the end of the claims period, whichever is later, and provide the claimant with Class Counsel's contact information in case the claimant wishes to seek Class Counsel's assistance.  If the claimant thereafter submits additional supporting information, the Claims Administrator will consider it.  The Claims Administrator will provide Class Counsel with the names and supporting documentation of any Class Members whose disputed claims are rejected at the same time that the Class Members are notified of the rejection of the claim.  Counsel for the parties will confer and attempt to resolve any such disputes in good faith, in cooperation with the Claims Administrator.  Absent a mutual

-11-

1 | agreement, the Claims Administrator's determination on whether to accept or reject the claim will

2 | be final and binding. In the event of a final rejection by the Claims Administrator of a disputed

3 | claim, the claimant shall have the right to opt out of the Settlement and pursue his or her own

4 | individual case, by submitting an Exclusion Form within the deadline for submitting such claims

5 | or within ten (10) days after notification of the rejection, whichever comes later. The date of the

6 | notification is defined as three business days after the date of mailing by First Class U.S. Mail.

7 | Anyone who opts out of the Settlement may not object to the Settlement and/or appear at the

8 | hearing to raise any objections to the Settlement. Therefore, any Claimant who withdraws a

9 | claim and submits an Exclusion Form after the rejection of his or her claim for additional

10 | workweeks will be deemed to have withdrawn any prior objections that the Claimant may have

11 | submitted in connection with the prior claim.

12 |        37.     The dispute-resolution procedure described in the preceding paragraph

13 | shall also apply to any persons who may believe that they were wrongly excluded from the class

14 | list; provided, however, that any such persons excluded from the class need not to file an

15 | Exclusion Form in order to opt out of the class.

16 |        38.     The Claims Administrator shall be responsible for issuing the settlement

17 | payments to the Class Members and calculating and withholding all required state and federal

18 | taxes. Upon request, the Claims Administrator will file proof of payment with the Court and

19 | provide Defendant and Class Counsel with a copy.

20

21 | <div align="center">**IX.**</div>

22 | <div align="center">**OBJECTIONS TO THE SETTLEMENT**</div>

23 |        39.     Class Members who wish to object to the Settlement must file with the

24 | Court and serve on counsel for the Parties, not later than sixty (60) days after the date that the

25 | Claims Administrator first mails the Notice Packet, a written statement objecting to the

26 | Settlement and setting forth the grounds for the objection. This statement also must indicate

27 | whether the Class Member intends to appear and object to the Settlement at the Final Approval

28 | Hearing. The failure to so indicate will constitute a waiver of the right to appear at the hearing.

<div align="center">-12-</div>

1   A Class Member who does not file and serve an objection in the manner and by the deadline

2   specified above will be deemed to have waived all objections and will be foreclosed from making

3   any objection to the Settlement, whether by appeal or otherwise.

4
5
                                                    **X.**

6                    **REQUESTS TO BE EXCLUDED FROM SETTLEMENT**

7              40.    Eligible Class Members who wish to exclude themselves from the

8   Settlement ("opt out" of the Settlement) must submit to the Claims Administrator, not later than

9   sixty (60) days after the date that the Claims Administrator first mails the Notice Packet, a

10  completed Exclusion Form (Exhibit "C"). Exclusion Forms may be submitted to the Claims

11  Administrator via U.S. Mail, fax, and/or email. A Class Member who does not complete and

12  submit a timely Exclusion Form in the manner and by the deadline specified above will

13  automatically become a Participating Class Member and, if the Court approves the Settlement,

14  will be bound by all terms and conditions of the Settlement and by the Judgment, regardless of

15  whether he or she submits a Claim Form. An eligible Class Member who timely submits an

16  Exclusion Form will not participate or be bound by the Settlement or the Judgment in any respect.

17  Persons who submit an Exclusion Request will not be permitted to file objections to the

18  Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

19             41.    If an eligible Class Member completes and submits both a Claim Form and

20  an Exclusion Form, the Claims Administrator will contact the Class Member and obtain

21  clarification of the Class Member's intent. In the event that the Claims Administrator cannot

22  obtain clarification of the Class Member's intent by the time of the Final Approval Hearing, it

23  will be presumed that the Claim Form is controlling, and such Class Member shall remain a

24  member of the Class and be bound by the terms of the Settlement. The Claims Administrator will

25  provide all counsel with the name and contact information of any person who submits both a

26  Claim Form and an Exclusion Form.

27
28
                                                  -13-

42.     Eligible Class Members who do not submit either a valid and timely Claim Form or a valid and timely Exclusion Form will be bound by all of the terms of the Settlement and the release set forth herein, except as to any claims under the FLSA.

43.     If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, Defendant shall have the exclusive right to void this Settlement.  The Parties agree that neither side will encourage opt-outs.  Defendant shall make its election within ten (10) days after the Claims Administrator notifies the parties of the number of valid Exclusion Forms received, which the Claims Administrator will do within ten (10) days after the deadline for submission of Exclusion Forms.  If the Settlement is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration, which costs shall be borne by Defendant.

## XI.

## ADDITIONAL BRIEFING AND FINAL APPROVAL

44.     As soon as practicable following the deadline for the filing of claims, the Parties will jointly file with the Court a motion for final approval of the Settlement and a memorandum in support of their motion.  Plaintiffs and Class Counsel will separately move for an award of the Class Representative Payments and Class Counsel's attorney's fees and costs, together with a memorandum in support of their motion, which Defendant will not oppose.

45.     At the time the Parties file their motion for final approval of the Settlement, Class Counsel shall provide the Court with a declaration executed by the Claims Administrator specifying the due diligence the Claims Administrator has undertaken with regard to the mailing of the Notice; verifying its settlement administration costs; and reporting on the number of claims, objections, and opt-outs submitted.

46.     Not later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of their motion for final approval of the Settlement in the event any opposition to the motion for final approval has been filed.  Likewise, Plaintiffs and/or Class Counsel may file replies in support of their motions for Class

-14-

1   Representative Payments and Class Counsel's attorney's fees and costs in the event any

2   opposition to their motion for such payments, fees and/or costs has been filed.

3          47.     Upon final approval of the Settlement by the Court or after the Final

4   Approval Hearing, the parties will present a Judgment for the Court's entry, dismissing the

5   Action with prejudice.  After entry of the Judgment, the Court will have continuing jurisdiction

6   over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing

7   settlement administration matters, and addressing such post-Judgment matters as may be

8   appropriate under court rules or applicable law.

9          48.     Upon final approval of the Settlement by the Court or after the Final

10   Approval Hearing, the Parties will submit a proposed Order or Orders:

11          (a)     Approving the Settlement, adjudging the terms thereof to be fair,

12   reasonable and adequate, and directing consummation of its terms and provisions;

13          (b)     Approving Class Counsel's application for an award of attorneys'

14   fees and reimbursement of costs;

15          (c)     Approving the Class Representatives' service payments;

16          (d)     Certifying the Class for settlement purposes only;

17          (e)     Dismissing this Action on the merits and with prejudice and

18   permanently enjoining all Class Members (other than those who timely filed Exclusion Forms)

19   from prosecuting against the Released Parties any and all Class Members' Released Claims; and

20          (f)     Permanently enjoining the Class Representatives from prosecuting

21   against the Released Parties any and all Class Representatives' Released Claims.

22   <center>**XII.**</center>

23   <center>**RELEASE OF CLAIMS**</center>

24          49.     <u>Claims Released by Class Members</u>.  Upon the Court's final approval of

25   the Settlement, and except as to such rights or claims as may be created by the Settlement, the

26   Class Representatives and the Class Members (other than those who file Exclusion Forms) hereby

27   release and discharge AT&T Services, Inc. and its former and present parents, subsidiaries, and

28   officers, directors, employees, partners, shareholders and agents, and any other successors,

<center>-15-</center>

assigns, or legal representatives (collectively, "the Released Parties"), from any and all wage-and-hour claims of every nature or description related to the allegations in the operative Complaint. These released claims include any and all known or unknown claims of unpaid wages, including overtime, and payments for alleged meal and rest period violations, liquidated damages, attorneys' fees and costs, any and all available penalties, including but not limited to record-keeping penalties, pay stub penalties, minimum wage penalties, meal and rest period penalties and waiting time penalties, interest, and other claims or penalties under federal and state wage-and-hour law up to and including the date of final court approval of this Settlement; except, however, claims under the FLSA are released only by those Class Members who submit Claim Forms pursuant to this Settlement. The claims released by the Class Members (other than those who submit timely and valid Exclusion Forms) include, but are not limited to, all claims of the foregoing nature that arise under the California Labor Code; Business and Professions Code §§ 17200 *et seq.*; the Private Attorneys General Act of 2004 (codified at California Labor Code §§ 2698 through 2699); California Industrial Welfare Commission Wage Orders; the FLSA; and claims for conversion (collectively, "Class Members' Released Claims"); provided, however, that Class Members who do not submit claims will not be releasing claims under the FLSA.

50.     As to the released claims, the Class Members each waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." This Section 1542 waiver applies only to those claims released in Paragraph 49 and not to any other claims.

51.     <u>Claims Released by the Class Representatives</u>. In consideration for the service payments being paid to the Class Representatives, each of the Class Representatives (Duane Waters, Debra Turner, and Rudy Fajardo), upon the Court's final approval of the Settlement, hereby fully and finally releases and discharges the Released Parties from all known and unknown claims they may have against the Released Parties, of every nature or description

-16-

1   whatsoever, up to the date of the Court's final approval of the Settlement, in addition to the Class

2   Members' Released Claims described in the preceding paragraph. This general release of claims

3   includes any and all known or unknown contract, tort, statutory, common law, constitutional,

4   discrimination, public policy, retaliation, wrongful discharge, and other claims of any type

5   whatsover, to the fullest extent such claims are releasable by law, arising out of the Class

6   Representatives' employment with Defendant, the termination of their employment, and their

7   other dealings with the Defendant and the Released Parties (collectively, "Class Representatives'

8   Released Claims").

9        52.     As to the Class Representatives' Released Claims, the Class

10  Representatives, and each of them, waive all rights and benefits afforded by Section 1542 of the

11  Civil Code of the State of California, as quoted above, and do so understanding the significance

12  of that waiver.

13  **XIII.**

14  **EFFECT OF DENIAL OF COURT APPROVAL**

15       53.     If the District Court does not grant final approval of the Settlement, or if

16  the District Court's final approval of the Settlement is reversed or materially modified on

17  appellate review, then this Settlement will become null and void. In such case, the Settlement

18  shall not be used or be admissible in any subsequent proceedings either in this Court or in any

19  other Court or forum.

20  **XIV.**

21  **EFFECT OF SETTLEMENT PAYMENTS ON BENEFITS**

22       54.     The settlement payments to Class Members under this Settlement shall not

23  have any effect on the eligibility or calculation of any employee benefits. The Parties agree that

24  the settlement payments to Participating Class Members do not represent any modification of any

25  employee's previously-credited hours of service or other eligibility criteria under any employee

26  pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by

27  Defendant or any of its affiliates. Further, the settlement payments shall not be considered wages,

28  compensation, or annual earnings for benefits in any year for purposes of determining eligibility

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT

for, or benefit accrual within, an employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by Defendant or any of its affiliates.

## XV.

## PARTIES' AUTHORITY

55.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XVI.

## MUTUAL FULL COOPERATION

56.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions as may reasonably be necessary to implement the terms of the Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of the Settlement.

57.     Any dispute concerning the interpretation or implementation of this Settlement Agreement will be resolved by the Magistrate Judge.  Prior to any such resort to the Court, counsel for the Parties will confer in good faith to resolve the dispute.  If the parties are unable to resolve the dispute themselves, the dispute will be submitted to Mark Rudy for mediation before being submitted to the Magistrate Judge.

58.     The parties agree that they will not discourage Class Members from filing Claim Forms or encourage Class Members to file Exclusion Forms.

## XVII.

## NO PRIOR ASSIGNMENTS

59.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT

## XVIII.

### NO ADMISSION OF LIABILITY

60.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIX.

### FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

61.     The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent it to the Court.  In addition, the Parties may request that mediator Mark Rudy execute a declaration supporting the Settlement, and the Court may, in its discretion, contact Mr. Rudy to discuss the Settlement and whether or not the Settlement is fair and reasonable.

## XX.

### ENFORCEMENT ACTIONS

62.     In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XXI.

### NOTICES

63.     Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States first-class mail, return receipt requested, addressed as follows:

-19-

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT

(a)  To the Class:
V. James DeSimone, Esq. and Michael D. Seplow, Esq.
SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN, LLP
723 Ocean Front Walk
Venice, CA 90291

Thomas W. Falvey, Esq. and J.D. Henderson, Esq.
LAW OFFICES OF THOMAS W. FALVEY
301 North Lake Avenue, Suite 800
Pasadena, CA 91101

(b)  To Defendant:
Thomas E. Geidt, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, CA 94105

## XXII.

## CONSTRUCTION

64.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties, and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in its drafting.

## XXIII.

## CAPTIONS AND INTERPRETATIONS

65.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

## XXIV.

## MODIFICATION

66.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

-20-

## XXV.

## __INTEGRATION CLAUSE__

67.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Joint Stipulation.  No rights under this Joint Stipulation may be waived except in writing.

## XXVI.

## __BINDING ON ASSIGNS__

68.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXVII.

## __CLASS COUNSEL SIGNATORIES__

69.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement.  The Notice, Exhibit "A," will advise all Class Members of the binding nature of the release.  Excepting only the Class Members who timely submit an Exclusion Form, this Joint Stipulation shall have the same force and effect as if it were executed by each Class Member.

## XXVIII.

## __COUNTERPARTS__

70.     This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXIX.

## __WAIVER OF APPEALS__

71.     The Parties agree to waive all appeals from the Court's final approval of this Settlement, unless the Court materially modifies the Settlement; provided, however, that

-21-

1    Plaintiffs may appeal any reduction in the attorneys' fee award. Any reduction in the award of

2    attorney's fees, costs, and/or service payments to the Class Representatives will not, however,

3    constitute a material modification of the Settlement and will not be grounds to void the

4    Settlement.

5                                            **XXX.**

6                              **CLASS CERTIFICATION**

7            72.     The Parties agree that the stipulation for Class Certification is for

8    settlement purposes only, and if for any reason the Settlement is not approved, the stipulation will

9    be of no force or effect. The Parties agree that certification for settlement purposes is in no way

10   an admission that class certification is proper, and that evidence of this stipulation for settlement

11   purposes only will not be deemed admissible in this or any other proceeding.

12                                           **XXXI.**

13                     **CCP SECTION 384 NOT APPLICABLE**

14           73.     The Parties agree that California Code of Civil Procedure Section 384 is

15   not applicable to this Settlement. The Parties represent that the Maximum Payment is a

16   settlement amount that takes into account the probability that some or many Class Members, for

17   various reasons, will not file claims. The Parties recognize that the settlement amount would

18   have been substantially less if all of it had to be paid. No fund has been created. No obligation to

19   pay Class Members is created until a valid Claim Form is filed. There is thus no residue. Neither

20   Plaintiffs nor their counsel shall take, or cause any other person to take, a position before the

21   Court that California Code of Civil Procedure Section 384 applies to this Settlement.

22
                                             **XXXII.**
23
                                         **NO TAX ADVICE**
24

25           74.     Neither Class Counsel nor defense counsel intend anything contained

26   herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall

27   it be relied upon as such.

28                                          **XXVIII.**

1

## PUBLICITY

2          75.     The Parties and their counsel agree that they will not issue any press

3    releases, initiate any contact with the media, respond to any media inquiry, or have any

4    communication with the media about this case and/or the fact, amount, or terms of this

5    Settlement; provided, however, that if Class Counsel receive an inquiry from the media after

6    preliminary approval of the Settlement is granted, Class Counsel may respond only by stating the

7    terms of the Settlement.  After the Parties have filed their motion for preliminary approval of the

8    Settlement, class counsel may place factual information regarding the Settlement and the claim

9    form procedures on their respective web-sites.  Before the date on which the Parties file their

10   motion for preliminary approval, the Parties and their counsel will not initiate any contact with

11   class members about the Settlement, except that Class Counsel, if contacted by a class member,

12   may answer any questions that the class member may have about the Settlement.

13

DATED: _____, 2010    REPRESENTATIVE PLAINTIFF

14

15

By:_____

16                           DUANE WATERS

DATED: _____, 2010    REPRESENTATIVE PLAINTIFF

17

18

By:_____

19                           DEBRA TURNER

DATED: _____, 2010    REPRESENTATIVE PLAINTIFF

20

21

By:_____

22                           RUDY FAJARDO

23

24

25

26

27

28

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT

1   DATED: _____, 2010   SCHONBRUN, DESIMONE, SEPLOW, HARRIS &
                                    HOFFMAN, LLP
2                                   LAW OFFICES OF THOMAS W. FALVEY

3
                                    By:_____
4                                              V. JAMES DESIMONE

5                                   Attorneys for Plaintiffs, DUANE WATERS,
                                    DEBRA TURNER, and RUDY FAJARDO,
6                                   on behalf of themselves, all others similarly
                                    situated and the general public
7
    DATED: _____, 2010   AT&T SERVICES, INC.
8

9
                                    By:_____
10                                            THERESA C. O'LOUGHLIN
                                        General Attorney and Associate General Counsel
11

12   DATED: _____, 2010   PAUL, HASTINGS, JANOFSKY & WALKER LLP

13

14                                  By:_____
                                              THOMAS E. GEIDT
15
                                    Attorneys for Defendant,
16                                  AT&T SERVICES, INC.

17

18   LEGAL_US_W # 65019200.2

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT & JOINT STIPULATION BETWEEN PLAINTIFFS & DEFENDANT