UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE WATERS, DEBRA TURNER and RUDY FAJARDO, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiff(s),<br><br>v.<br><br>AT&T SERVICES, INC.,<br><br>Defendant(s). | No.  C09-3983 BZ<br><br>ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, APPROVAL OF CLASS NOTICE, AND SETTING OF A FINAL FAIRNESS HEARING |

The Court, having conducted a hearing on August 4, 2010 on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of Class, and having reviewed the supporting documents filed by the parties both prior to the hearing and in response to the Court's order of August 5, 2010, including the Points and Authorities, Declarations of Michael D. Seplow, V. James DeSimone and Thomas E. Geidt, the Settlement Agreement and Joint Stipulation, Notice of Class Action Settlement and Claim Form, and the Proposed Order Granting Preliminary Approval,

1

and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed Class Action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements; and to conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:**

1. The Court finds, on a preliminary basis, that the Settlement Agreement, incorporated in full by this reference and made a part of this Order of Preliminary Approval, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court; the Court notes that Defendant AT&T Services, Inc. ("Defendant") has agreed to pay a Maximum Settlement Amount of up to $17,000,000, plus the employer's share of payroll taxes, to the Plaintiffs, Class Members, the Class Representatives, Class Counsel, the Claims Administrator, and the State of California Labor Workforce and Development Agency, in full satisfaction of the claims as more specifically described in the Settlement Agreement;

It further appears to the Court, on a preliminary basis, that the Settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals of rulings. It further appears that significant informal discovery, investigation,

1  research, and litigation has been conducted such that counsel
2  for the Parties at this time are able to reasonably evaluate
3  their respective positions.  It further appears that
4  Settlement at this time will avoid substantial costs, delay
5  and risks that would be presented by the further prosecution
6  of the litigation.  It also appears that the proposed
7  Settlement has been reached as the result of intensive,
8  informed and non-collusive negotiations between the Parties;

9  **ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER**
10 **OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY**
11 **GRANTED; AND AS A PART OF SAID PRELIMINARY APPROVAL, THE COURT**
12 **HEREBY ACCEPTS AND INCORPORATES THE PARTIES' SETTLEMENT**
13 **AGREEMENT AND HEREBY TEMPORARILY AND CONDITIONALLY CERTIFIES**
14 **THE CLASS FOR SETTLEMENT PURPOSES ONLY PURSUANT TO THE TERMS**
15 **AND CONDITIONS CONTAINED IN SAID SETTLEMENT AGREEMENT.**

16     2.   The Court finds that the Notice of Class Action
17 Settlement and Claim Form advise of the pendency of the Class
18 Action and of the proposed Settlement, of preliminary Court
19 approval of the proposed Settlement, claim submission timing
20 and procedures, opt-out timing and procedures, and of the
21 Final Approval Hearing, provided these changes are made:
22     a.   All dates in the Notice shall be re-calculated from
23 the date of this Order and the proper dates shall be inserted
24 where necessary.
25     b.   Class Members shall have 45 days to dispute
26 Compensable Workweeks (§ 36(1)).
27     c.   The form of Notice shall be changed to insert <u>Waters</u>
28 <u>v. AT&T</u>, C09-3983 after "Clerk of Court" (p.9).

1  d.  The form of Notice shall be changed to insert
2  "(except that Class Members who do not file Claim Forms will
3  not forfeit their federal claims under the Fair Labor
4  Standards Act)" at the end of the first paragraph in Part
5  IV(C) (p.8).
6  As amended, these documents fairly and adequately advise Class
7  Members of the terms of the proposed Settlement and the
8  benefits available to Class Members thereunder, as well as
9  their right to "opt-out" and procedures for doing so, and of
10 the Final Approval Hearing and the right of Class Members to
11 file documentation in support or in opposition and to appear
12 in connection with said hearing; the Court further finds that
13 said Notice clearly comports with all constitutional
14 requirements including those of due process;
15 **ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY**
16 **APPROVES THE PROPOSED NOTICE OF PROPOSED CLASS ACTION**
17 **SETTLEMENT AND THE PROPOSED CLAIM FORM;**
18  3.  The mailing to the present and last known addresses
19 of the Class Members constitutes an effective method of
20 notifying Class Members of their rights with respect to the
21 Class Action and Settlement; **ACCORDINGLY, IT IS HEREBY ORDERED**
22 as follows:
23  a.  On or before **October 4, 2010**, Defendant shall
24     forward to the appointed Claims Administrator, CPT
25     Group, Inc., a database (in an electronic
26     spreadsheet format) of all Class Members, including
27     last known addresses and telephone numbers, the time
28     period the Class Member has Compensable Workweeks,

|   |   |   |
|---|---|---|
| 1 |    | and Social Security Numbers; |
| 2 | b. | On or before **October 14, 2010**, the Claims |
| 3 |    | Administrator will mail via First Class mail to all |
| 4 |    | Class Members the Notice of Class Action Settlement, |
| 5 |    | Claim Form, Exclusion Form, and a postage-paid |
| 6 |    | envelope addressed to the Claims Administrator. |
| 7 | c. | All mailings shall be made to the present and/or |
| 8 |    | last known mailing address of the Class Members |
| 9 |    | based on Defendant's records, as well as addresses |
| 10 |   | that may be located by the Claims Administrator, who |
| 11 |   | will conduct standard address searches in cases of |
| 12 |   | returned mail.  For mailing, the Claims |
| 13 |   | Administrator shall use the envelope marked as |
| 14 |   | Exhibit A to the Declaration of V. James DeSimone In |
| 15 |   | Further Support of Motion for Preliminary Approval |
| 16 |   | of Class Action Settlement and Provisional |
| 17 |   | Certification of the Class.  The Court finds that |
| 18 |   | the mailing of notices to Class Members as set forth |
| 19 |   | in this paragraph is the best means practicable by |
| 20 |   | which to reach Class Members and is reasonable and |
| 21 |   | adequate pursuant to all constitutional and |
| 22 |   | statutory requirements including all due process |
| 23 |   | requirements. |
| 24 | d. | On or before **October 25, 2010**, Class Counsel shall |
| 25 |   | file a declaration executed by the Claims |
| 26 |   | Administrator attesting that notice was given as |
| 27 |   | provided by the Settlement and this Order, stating |
| 28 |   | the total number of notices that were mailed and |

|   |   |   |
|---|---|---|
| 1 |   | advising the Court whether any problems with notice |
| 2 |   | have surfaced. |
| 3 | 4. | **IT IS FURTHER ORDERED THAT:** |
| 4 | a. | Any Class Member who wishes to dispute the amount of Compensable Workweeks contained in his or her claim form, shall, as set forth in the Settlement Agreement and Class Notice, submit his or her written dispute to the Claims Administrator not later than forty-five (45) calendar days from the mailing of the Notice Packet; |
| 11 | b. | Requests for Exclusion ("opt-out requests") must be submitted to the Claims Administrator not later than sixty (60) calendar days from the mailing of the Notice Packet; |
| 15 | c. | Objections to the Settlement Agreement must be submitted to the Court as described in the Class Notice not later than sixty (60) calendar days from the mailing of the Notice Packet and served on Plaintiffs (Class Counsel) and on counsel for Defendant; however, any objection to Class Counsel's request for attorneys' fees must be submitted on or before **January 12, 2011**; |
| 23 | d. | Claim Forms must be submitted to the Claims Administrator not later than sixty (60) calendar days from the mailing of the Notice Packet. |
| 26 | 5. | **IT IS FURTHER ORDERED** that: |
| 27 | a. | The Final Approval Hearing shall be held before the undersigned at **1:30 p.m., on February 2, 2011** at |

6

|   |   |   |
|---|---|---|
| 1 |   | the above-entitled court located at 450 Golden Gate |
| 2 |   | Ave., San Francisco, California 94102 to consider |
| 3 |   | the fairness, adequacy and reasonableness of the |
| 4 |   | proposed Settlement preliminarily approved by this |
| 5 |   | Order of Preliminary Approval, and to consider the |
| 6 |   | application of Class Counsel for an award of |
| 7 |   | reasonable attorneys' fees, litigation expenses, |
| 8 |   | class representative enhancement, and for costs of |
| 9 |   | claims administration incurred; |
| 10 | b. | All papers in support of the proposed Settlement |
| 11 |   | and Request for Attorneys' Fees shall be served and |
| 12 |   | filed with the Court on or before **December 22,** |
| 13 |   | **2010**; |
| 14 | c. | Any objection to the Request for Attorneys' Fees |
| 15 |   | shall be filed with the Court, and served on |
| 16 |   | counsel for the parties, on or before **January 12,** |
| 17 |   | **2011**; |
| 18 | d. | On or before **December 22, 2010**, Class Counsel shall |
| 19 |   | file a declaration executed by the Claims |
| 20 |   | Administrator stating the total number of claims, |
| 21 |   | objections, and opt-outs submitted, the total |
| 22 |   | number of Compensable Workweeks for which payments |
| 23 |   | were approved and the total amount of compensation |
| 24 |   | expected to be paid to Class Members. The Claims |
| 25 |   | Administrator shall attach to the declaration all |
| 26 |   | Requests for Exclusion from Class Members who |
| 27 |   | elected to opt-out and all objections received. |
| 28 | e. | On or before **December 22, 2010**, Class Counsel shall |

```
 1                  file a declaration attaching all writings received
 2                  from Class Members who objected to the Settlement.
 3          6.   IT IS FURTHER ORDERED that Plaintiffs Duane Waters,
 4   Debra Turner and Rudy Fajardo are provisionally approved as
 5   Class Representatives and V. James DeSimone and Michael D.
 6   Seplow of Schonbrun DeSimone Seplow Harris & Hoffman, LLP and
 7   Thomas W. Falvey and J.D. Henderson of the Law Offices of
 8   Thomas W. Falvey are provisionally approved as Class Counsel;
 9          7.   IT IS FURTHER ORDERED that on or before December
10   22, 2010, Class Counsel shall file one or more declarations
11   with sufficient information about their billing rates and the
12   time they worked on this case to enable the Court to
13   calculate a lodestar rate as a cross check on their fee
14   claim.
15          8.   IT IS FURTHER ORDERED that any party to this case,
16   including Class Members, may appear at the Final Approval
17   Hearing in person or by counsel, and may be heard to the
18   extent allowed by the Court, in support of or in opposition
19   to, the Court's determination of the good faith, fairness,
20   reasonableness and adequacy of the proposed Settlement, the
21   requested attorneys' fees and litigation expenses, and any
22   Order of Final Approval and Judgment regarding such
23   Settlement, fees and expenses; provided, however, that except
24   as otherwise allowed by the Court, no person, except Class
25   Counsel and counsel for Defendant, shall be heard in
26   opposition to such matters unless such person has complied
27   with the conditions set forth in the Notice of Proposed Class
28   Action Settlement, which conditions are incorporated herein;
```

9.   **IT IS FURTHER ORDERED** that in the event of the occurrence of the Settlement Effective Date, as defined in the Settlement Agreement, all Class Members, except those who have requested exclusion from the Settlement, and their successors shall conclusively be deemed to have given full releases of any and all Class Members' Released Claims as defined in the Settlement Agreement against Defendant, [its former and present parents, subsidiaries, and officers, directors, employees, partners, shareholders and agents, any other successors, assigns or legal representatives] ("Class Members' Released Parties") and all such Class Members and their successors shall be permanently enjoined and forever barred from asserting any Class Members' Released Claims against any Class Members' Released Parties as described by the Settlement Agreement, except that Class Members who do not submit a Claim Form shall not be deemed to have waived or released any claims under the Federal Fair Labor Standards Act ("FLSA").

10.  **IT IS FURTHER ORDERED** that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Settlement Effective Date does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

11.  **IT IS FURTHER ORDERED** that, pending further order

of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated: September 13, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WATERS V. AT&T\WATERS PROPOSED ORDERS\WATERS PROPOSED ORD FOR PRELIM APPROVAL OF CLASS ACTION SETT.FINAL VERSION.wpd