UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE WATERS, et al.<br><br>         Plaintiff(s),<br><br>    v.<br><br>AT&T SERVICES, INC., (formerly SBC Services, Inc., et al.,<br><br>         Defendant(s). | No. C 09-3983 BZ<br><br>**ORDER AWARDING INCENTIVE PAYMENTS** |

    Before the Court is plaintiffs' Motion for an Order Granting an Enhancement Award to the Class Representative. The three class representatives each seek a $25,000 incentive payment for their services to the class.

    In the Ninth Circuit, a court has discretion to award a class representative a reasonable incentive payment. Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003; Mego Fin'l Corp. Sec. Litig. Nadler, 213 F.3d 454, 463 (9th Cir. 2000). Courts have approached such incentives cautiously as they tend to undermine the class representative's incentive to monitor suboptimal or collusive settlements, at the expense of other

class members whose interests the named plaintiff has a duty to protect. <u>Staton</u>, 327 F.3d 975 and cases cited therein.

A judge of this court, in denying preliminary approval of a class action settlement, had this to say about incentive payments:

> So-called "incentive payments" are a recent invention by those who handle class actions. Class actions did much justice without them for many decades. While there is a theoretical rationale for incentive payments, there is also a major downside. The downside is that the payments lend themselves for use as side payments to induce named plaintiffs to go along with sweetheart deals. Ordinarily, named plaintiffs ought to receive no more or less than the absent class members they purport to represent. In this way, they are incentivized, out of self interest, to achieve the best possible result for the class.

<u>Kakani et al. V. Oracle Corporation</u>, Case No, 06-06493 WHA, Doc. 72 (Order Denying Preliminary Approval of Proposed Class Settlement) (June 19, 2007).

That said, a court may consider the following criteria in determining whether to award an incentive payment: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. <u>Van Vranken v. Atlantic Richfield Co.</u>, 901 F.Supp. 294, 299 (N.D.Cal. 1995).

Plaintiffs claim that by assuming the role of class representatives they subjected themselves to risks not faced by other class members. The Court recognizes that there is a

risk that a class representative could have a judgment entered against him. Plaintiffs also argue that named plaintiffs in a class action risk being labeled as "troublemakers" by potential future employers. This is a risk inherent in any suit by an employee against an employer. Counsel's assertion that being a class representative increases the risk is largely conclusory. If counsel truly had a basis for concern, they could have taken steps to protect their clients' identity. This assertion is further undermined by the Court's experience that plaintiffs' counsel in FLSA suits frequently name a large number of class representatives. Since none of the plaintiffs remain employed by defendant, there is no real risk of retaliation, and of course, the benefit they got from agreeing to act as a class representative was the fine representation by their many experienced counsel. See Carter v. Anderson Merchandisers, LP, 2010 WL 144067 (C.D. Cal. 2010). In addition Waters will receive approximately $32,000 from the class settlement, Turner approximately $21,000 and Fajardo approximately $17,000.

Plaintiffs have demonstrated that the class representatives have spent more time and effort on the lawsuit than if they were suing on their own behalf. The representatives have spent varying amounts of time in contact with other class members and communicating with plaintiffs' counsel over class issues. However, this time is accounted for in very general fashion and would appear to request

///

///

3

compensation at rates of hundreds of dollars an hour.[1]

**IT IS THEREFORE ORDERED** that in recognition of their respective efforts on behalf of the class, the class representatives are awarded incentive payments in the following amounts: Plaintiff Turner in the amount of $5,000; Plaintiff Waters in the amount of $3,000; and Plaintiff Fajardo in the amount of $1,000.

Dated: February 17, 2011

Bernard Zimmerman
United States Magistrate Judge

---

[1] Waters estimates she spent a total of 85 hours in assistance. Turner estimates she spent 15-25 hours a month and Fajardo estimates he spent 3 hours a month. They do not specify how many months, but the litigation lasted less than a year.