UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DUANE WATERS, et al. <br><br> Plaintiff(s), <br><br> v. <br><br> AT&T SERVICES, INC., (formerly) SBC Services, Inc., et al., <br><br> Defendant(s). | No. C 09-3983 BZ <br><br><br> **ORDER AWARDING ATTORNEYS' FEES AND COSTS** |

Before the court is plaintiffs' motion for an award of $5,100,000 in attorneys' fees and $30,638 in litigation costs and expenses incurred. Plaintiffs' request for a fee award of 30% of the common fund cannot be justified. Accordingly, the motion for attorneys' fees and costs is **GRANTED** in the lower amount of $2,519,360 for fees and $30,638 for costs.

Plaintiffs have achieved a settlement and have applied for an attorney's fees award of 30% of the common fund. Defendant does not oppose a fee award to the class of up to $5.1 million. The total settlement provides for a maximum payment by the defendant of $17 million plus the defendant's

1

1  share of any applicable employer taxes.  This maximum
2  settlement amount includes payment to the class members for
3  their claims, as well as payments for enhancement awards to
4  the class representatives, attorneys' fees to class counsel,
5  and reasonable litigation costs, subject to court approval.
6  The Class will receive the remainder of the $17,000,000
7  settlement less any amounts not claimed by class members and
8  less amounts approved by the court for attorneys' fees, costs,
9  and enhancement awards.

10  In the Ninth Circuit, the Court has the discretion to
11  award fees using either the lodestar method or the percentage
12  of the fund method, as plaintiffs have requested.  <u>Vizcaino v.</u>
13  <u>Microsoft Corp.</u>, 290 F.3d 1043, 1047 (9th Cir. 2002).  In the
14  exercise of my discretion, I elect to use the lodestar method.
15  Among the factors that inform my discretion are the following:
16      1.  Plaintiffs request 30% of the fund; the Ninth Circuit
17  benchmark is 25% and plaintiffs have not made any meaningful
18  showing of why they should be entitled to an award in excess
19  of the benchmark.  <u>See</u> <u>Paul, Johnson, Alston & Hunt v.</u>
20  <u>Graulty</u>, 886 F.2d 268, 272 (9th Cir. 1989)(The benchmark
21  percentage may be adjusted upward or downward to account for
22  any unusual circumstances involved in the case).
23      2.  Plaintiffs' counsel have filed similar actions
24  against the same defendant for other groups of AT&T employees
25  and have obtained substantial settlements and concomitant
26  substantial awards of attorneys' fees.  <u>See</u> <u>Sheff v. AT&T</u>,
27  No. 07-3289 (C.D. Cal. 2008)(receiving $4,800,000 in fees as
28  part of a $16,000,000 settlement on behalf of computer

2

1 software engineers employed by AT&T); Doyle v. AT&T, No. 08-
2 01275 (S.D. Cal. 2010)(receiving $3,150,000 in fees as part of
3 a $10,500,000 settlement reached on behalf of data analysts,
4 managers, and administrators employed by AT&T). This suggests
5 to the Court that on this lawsuit, plaintiffs' counsel were
6 re-plowing at least some ground which had already been plowed
7 and which was no longer as novel or complex. Likewise, this
8 lawsuit was filed with less risk of it being unsuccessful.
9 Under these circumstances, 30% of the common fund appears
10 excessive.

11 Either the percentage or the lodestar method may,
12 depending on the circumstances "have its place in determining
13 what would be reasonable compensation for creating a common
14 fund." Graulty, 886 F.2d at 272. The large disparity between
15 the requested fee and plaintiffs' lodestar figure also
16 suggests that the requested fee is excessive in light of the
17 hours devoted to the case. See Vizcaino, 290 F.3d at 1050
18 ("[T]he lodestar may provide a useful perspective on the
19 reasonableness of a given percentage award"). Courts may
20 compare the two methods of calculating attorney's fees in
21 determining whether fees are reasonable. Florida ex rel.
22 Butterworth v. Exxon Corp. (In re Coordinated Pretrial
23 Proceedings in Petroleum Prods. Antitrust Litig.), 109 F.3d
24 602, 608 (9th Cir. 1997). Ultimately, the "benchmark
25 percentage should be adjusted, or replaced by a lodestar
26 calculation, when special circumstances indicate that the
27 percentage recovery would be either too small or too large in
28 light of the hours devoted to the case or other relevant

factors." Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990). In Fischel v. Equitable Life Assur. Soc'y of the United States, 307 F.3d 997, 1007 (9th Cir. 2002), the Ninth Circuit approved of the use of the lodestar method when a case settled quickly because use of the percentage method might have produced a "windfall" to the attorney. Here, as in Fischel, there was a rapid settlement and a large gap between the lodestar figure of $1.26M and the requested fee amount of $5.1M, which indicates that a percentage award may be too large in light of the hours invested by counsel. See Wing v. Asarco, 307 F.3d 997 (9th Cir. 1997)(affirming award calculated with lodestar and 2.0 multiplier when total award was equivalent to 12% of settlement fund).

It is important to remember that the award sought by plaintiffs' counsel is ultimately money that belongs to the class members. Any unwarranted award to plaintiffs' counsel comes directly out of their pockets. Because the attorneys seek fees on their own behalf, which may be contrary to their clients' interests, the district court must "look out for the interests of the beneficiaries, to make sure that they obtain sufficient financial benefit after the lawyers are paid." Coordinated Pretrial, 109 F.3d at 608. No class members have objected to the settlement or to the attorneys' fees in this case. A district court should consider the presence or absence of substantial objections by members of a class to the fees requested by counsel, but this factor is not outcome determinative; it must be considered in light of all of the

other factors. Fischel, 307 F.3d at 1007.

Using the lodestar approach, the Court multiplies the reasonable number of hours expended by counsel by a reasonable hourly billing rate to obtain a "lodestar figure". Fischel, 307 F.3d at 1007. After reviewing plaintiffs' motion for fees and the attached declarations, I find that both the hours expended and individual billing rates are reasonable. The majority of counsel's 2,139 hours are billed at hourly rates of $600-700.

A Court may adjust the resulting lodestar figure upward to account for several factors by awarding a multiplier. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998)(listing such factors as the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented and the risk of non-payment). Here the class obtained a good and speedy result which argues in favor of a multiplier. Approximately 85% of the class members have accepted the settlement, an extremely high percentage in the Court's experience. There have been no objections and only eight opt-outs. In addition, the average award was substantial, approximately $18,000. The class also benefitted from the expeditious settlement of the lawsuit. The complaint was filed August 27, 2009 and settled in about nine months.

At the same time, the fact that defendant was willing to settle similar actions for large sums mitigated the risk and lessened the novelty and complexity of the litigation. Applying a multiplier of 2.0, which doubles the lodestar fee

to $2,519,360, seems appropriate. An award of $2,519,360, which represents roughly 15% of the total fund, is fair and reasonable in light of the hours devoted by counsel, the results achieved and the risk they faced.

The $30,638 in litigation costs and expenses incurred by class counsel appear to have been reasonably incurred for the benefit of the class. I find that their reimbursement is reasonable and justified.

**IT IS HEREBY ORDERED THAT** plaintiffs' counsel are awarded fees from the settlement fund in the amount of $2,519,360 and reimbursement of costs and expenses in an amount not to exceed $30,638.

Dated: February 17, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-bzcases\Waters v. AT&T\Order Awarding Atty's Fees.Final Ruling.wpd